(Decided May 4th, 1865.)

---

## WILLIAM C. GENT *vs.* RUTH C. LYNCH.

SLANDER OF TITLE: PROVINCE OF COURT AND JURY: MALICE: BONA FIDES.—In an action of *trespass on the case*, the first two counts of the declaration were for slander of the plaintiff's title to a certain tract of land; plea, not guilty. The evidence was, that the plaintiff, having title to the land, offered it for sale at public auction, and that the defendant forbid the sale, declaring that the plaintiff had merely a dower interest in the land, and had no right to sell it, and that it belonged to him. It was also proved that the defendant, in so doing, acted under the advice of counsel, but that such advice was based on false representations made by the defendant, that his purchase of the property at constable's sale, had been reported to the Court and ratified, whereas, on the contrary, said sale had been rescinded by the Court. HELD:

1st. That an instruction, submitting to the jury the question of malice and *bona fides* on the part of the defendant, was properly granted.

2nd. That an instruction was properly rejected which declared "that the plaintiff has failed to offer any evidence to show malice on the part of the defendant in forbidding said sale, or want of probable cause in said defendant's making the declarations offered in evidence in reference to said sale."

JOINDER OF PARTIES: ABATEMENT, PLEA OF: APPORTIONMENT OF DAMAGES.—In personal actions, as for trespass to lands, tenants in common must join, but the objection of non-joinder can only be taken by plea in abatement, or by way of apportionment of the damages.

DISSEISIN: POSSESSION: EVIDENCE.—The gist of the action of trespass is the injury done to the plaintiff's possession, and in order to maintain the action, possession by the plaintiff, either actual or constructive, is necessary; a mere right of entry on lands is not sufficient, if they be in the actual possession and occupancy of a disseisor.

Gent *vs.* Lynch.

In this country, from the necessity of the case, the action will lie upon that possession of unenclosed lands which the law implies to be in the owner, when no other person is, in point of fact, on it; in such case the owner has, constructively, the possession.

Where the evidence was that the land, the title to which was in the plaintiff, was an out-lying, unenclosed lot, and the only proof of possession by the defendant was that he had from time to time cut and sold wood therefrom— HELD:

That these were mere successive acts of trespass; that the title being in the plaintiff, the constructive possession was in her, and she was therefore entitled to maintain the suit.

PRESUMPTIONS.—Where it is stated in a bill of exceptions that the plaintiff offered in evidence of his title a certain deed, the deed itself not being contained in the transcript of the record, and the clerk certifying that it was not on file in the Court below, it will be presumed that the rulings of the Court below with regard to it, are correct.

APPEAL from the Circuit Court for Baltimore county.

This was an action brought by the appellee against the appellant, on the 1st of March 1861. The declaration contained three counts; the 1st and 2nd in *case* for slander of the plaintiff's title as owner in fee-simple of a tract of land situate in Baltimore county, called "Nackey Ford's Lot," and being part of "Stansbury's Plains;" the 3rd, in *trespass quare clausum fregit* for trespass on the same land. The defendant pleaded the general issue.

The material evidence in the case, and a statement of the substance of the plaintiff's and defendant's prayers, will be found in the opinion of this Court. The prayer of the plaintiff was granted; and the defendant's prayers, of which there were twelve, were rejected, except the 1st, 4th, 8th and 10th. The verdict of the jury and the judgment below were for the plaintiff, and the defendant appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, COCHRAN and WEISEL, J.

*Bernard Carter* and *R. R. Boarman,* for the appellant, argued:

1st. That the sale of the land at the constable's sale, in 1848, its purchase by the appellant at said sale, and the

possession thereof, delivered to him as purchaser thereof by the said constable, was a disseisin of the said George Lynch; and as neither the said George Lynch, nor his heirs-at-law, nor the appellee, ever regained seisin or possession of said land before this action was brought, it cannot bc maintained. 2 *Wheaton's Selwyn,* 1325 *and notes,* (*Am. Ed.*) *Allen vs. Thayer,* 17 *Mass.,* 299. *Bigelow vs. Jones,* 10 *Pick.,* 161. 3 *Bla. Com.,* 168, 209. *Clapp vs. Bromagham,* 9 *Cowen,* 552. *Kinnebeck vs. Skinner,* 4 *Mass.,* 416. *Mather vs. Trinity Ch. et al.,* 3 *Serg. & Rawle,* 513. *Repley vs. Yale, et al.,* 16 *Verm.,* 257. *Polk vs. Henderson,* 9 *Yerger,* 310. 1 *Ch. Pl.,* 177. *Cohoon vs. Simmons,* 7 *Ired.,* 189. 14 *Mass.,* 96. *Payne vs. Clarke,* 20 *Conn.,* 30. *Emack vs. Frazier, Dudley,* (*S. C.,*) 341. *McCall vs. Neely,* 3 *Watts,* 72. The defendant's second prayer ought therefore to have been granted.

2nd. Conceding that this deed conveyed the title of the grantors therein to the appellee, she became only tenant in common with her daughter, Priscilla, and could not, by herself, maintain this action under either count in the declaration. 1 *Washb. on Real Prop.,* 421. 13 *John.,* 386. 12 *Pick.,* 120. 2 *Bla. Com.,* 194, *note* 32. 4 *Kent's Com.,* 369, *margin.* The Court therefore erred in rejecting the 5th prayer of appellant.

The Court also erred in refusing the 9th prayer of the appellant. Malice was a necessary ingredient in the plaintiff's case, under the 1st and 2nd counts, and there was no proof of any malice; and, in point of fact, the appellee had no other title (if any) than her dower interest.

*A. W. Machen* and *R. J. Gittings,* for the appellee:

The plaintiff having traced title from Thomas Stansbury, in 1748, through a chain of mesne conveyances, accompanied by possession, to George Lynch, (whose title was admitted by the defendant,) and having produced a good deed from the heirs (or some of them) of George Lynch, executed after his death to herself, she being also his widow and their

mother, and having proved acts of trespass committed by the defendant subsequently to the execution of said deed, and also a *prima facie* case of slander of her title by the defendant, followed by substantial damage, it is clear that nothing could bar her right to recover, at least upon the trespass count, but title in the defendant, or an exclusive and adversary possession on his part, continued for twenty years.

The constable's sale, unconfirmed, and indeed grossly irregular, by the defendant's own showing, conferred no title, and there is no pretence of any other; and he offered no evidence tending to show a twenty years' possession, even if such acts of possession as he exercised had been of the character which the law of Maryland demands. Hence the plaintiff's prayer, which simply drew the necessary conclusion of law from the admitted facts, that the defendant had shown no title, was rightly granted. 1831, *ch.* 290, *sec.* 3.

In answer to the appellant's points, it is submitted:

I. That the validity of a deed is not affected by the circumstance that a third party holds adverse possession of the land at the time of its execution. *Cresap's Less. vs. Hulson,* 9 *Gill,* 270. *Davidson's Less. vs. Beatty,* 3 *H. & McH.,* 594.

In Maryland it is settled that right draws to it a seisin or possession, and until a disseisor has had twenty years' exclusive, continuous and adversary possession, he who has the title is not prejudiced. *Hoye vs. Swann,* 5 *Md. Rep.,* 237, 248, 254. *Stump vs. Henry,* 6 *Md. Rep.,* 209. *Ridgely vs. Bond,* 17 *Md. Rep.,* 14. *Casey's Less. vs. Inloes,* 1 *Gill,* 431. *Norwood vs. Shipley,* 1 *H. & J.,* 295. *Matthews vs. Ward's Lessee,* 10 *G. & J.,* 456. *Anderson vs. Critcher,* 11 *Md. Rep.,* 455.

The possession of the defendant, not being by enclosure, was neither exclusive nor continuous. *Casey's Less. vs. Inloes,* 1 *Gill,* 431. *Thistle vs. Frostburg Coal Co.,* 10 *Md. Rep.,* 129. Originating as it did, it was not adverse. *Beall*

*vs. Lynn,* 6 *H. & J.,* 351. *Stockett vs. Watkins,* 2 *G. & J.,* 326.

II. (1.) One tenant in common, alone, may bring trespass or other action touching the realty. 1 *Ch. Pl.,* 66.

(2.) The non-joinder of one who ought to be co-plaintiff in an action of tort, can only be taken advantage of by plea in abatement. 1 *Ch. Pl.,* 65. 1 *Wms. Saund.,* 291 *k,* and 291 *m, note* (4.) *Deering vs. Moor, Cro. El.,* 554. If Gent was tenant at will, George Lynch's death determined the will. *James vs. Dean,* 11 *Vesey,* 391, 392.

III. There was no error in the rejection of the defendant's 9th and 12th prayers—more especially in view of the granting of his 8th prayer, which put his case upon the slander of title quite as favorably before the jury as he could expect. There was abundant evidence in the case from which it was competent to the jury to find malice. Whether it was overcome by the defendant's evidence in exculpation, was for the jury to determine. *Ravenga vs. Mackintosh,* 2 *B. & C.,* 693, (9 *Eng. C. L. Rep.,* 225.)

BARTOL, J., delivered the opinion of this Court:

This action was instituted by the appellee. The first and second counts of the declaration are in *case* for slander of the plaintiff's title to a parcel of land situate in Baltimore county, containing about twenty-three acres, being part of a tract called "Stansbury's Plains," and distinguished by the name of "Nackey Ford's Lot." The third count is in trespass, for breaking and entering the same land, and cutting and carrying away wood. The defendant pleaded "Not Guilty." The jury found a general verdict for the plaintiff.

At the trial below the plaintiff offered one prayer, which was granted, and the defendant twelve, of which the 1st, 4th, 8th and 10th were granted, and the others refused; the defendant excepted.

The 8th, 9th and 12th prayers refer to the first two counts of the declaration, and will first be considered.

The 9th prayer asserted that the plaintiff had failed to offer any evidence of malice upon the part of the defendant in forbidding the sale, or want of probable cause in the defendant making the declarations offered in evidence in reference to said sale. This makes it necessary to refer to the proof.

Evidence was given that the plaintiff offered the property for sale at public auction in 1859, that the defendant was then present and forbid the sale, declaring that the plaintiff had only a dower interest in the land, and had no right to sell it, and that it belonged to him.

It further appeared from the evidence that the defendant had been advised by Mr. Boarman, his counsel, to forbid the sale. Evidence was given that the land had been sold by a constable, and the defendant had bought it; but Mr. Boarman testified that his advice was given upon the representations made to him by the defendant, "that he had purchased the property and owned it, and that the sale made to him by the constable had been reported to the Court and ratified; which statement he, Mr. Boarman, afterwards found, by an examination of the papers, to be false; the sale by the constable had not been ratified, but had, in fact, been rescinded and set aside." Mr. Boarman further testified that "when he afterwards informed the defendant of the true state of the case, he said he had been altogether misinformed, but admitted he had never paid the purchase money."

Upon this proof we think the Circuit Court was right in submitting to the jury the question of malice and *bona fides* on the part of the defendant. This was done by the 8th prayer, granted by consent; and there was, consequently, no error in rejecting the 9th prayer.

In our opinion the 12th prayer was properly rejected also; the law upon the subject was correctly given to the jury in the 8th prayer.

It is stated in the bill of exceptions that the plaintiff offered in evidence a deed from the heirs of George Lynch to

Gent *vs.* Lynch.

the plaintiff. The deed itself is not contained in the tran-script, the clerk certifying that it is not on file in the Court below. In the absence of the deed, it must be presumed that the rulings by the Circuit Court, with regard to it, are correct, and therefore this Court cannot say there was error in rejecting the 2nd and 3rd prayers.

There remain for our consideration the 5th, 6th, 7th and 11th prayers, and the instruction granted to the jury, on the prayer of the plaintiff.

(5th.) The 5th prayer asserts the proposition that the plaintiff, being only tenant in common of the land, could not maintain the action without joining her co-tenants.

The general proposition that in personal actions, as for trespass to lands, tenants in common must join, is supported by the authorities cited by the appellants on this point, and is no doubt well established. The rule is correctly stated in 1 *Chitty Pl.*, 65. The same author, *page 66*, says: "In actions in form *ex delicto*, and which are not for the breach of a contract, if a party who ought to join be omitted, the objection can only be taken by plea in abatement, or by way of apportionment of the damages at the trial." See also *note* 1, *same page*, and 1 *Wms. Saund.*, 291 *k*, and 291 *m*, *note* (4.) We conclude that there was no error in rejecting the 5th prayer.

The only remaining question to be determined, is whether the facts offered in evidence by the defendant, operated a disseisin of the plaintiff, which bars her right of action, notwithstanding the title to the land is in her? This question arises upon the 6th, 7th and 11th prayers of the defendant, and the prayer of the plaintiff.

Upon this question an examination of the authorities has brought us to the following conclusions:

1st. The gist of the action of trespass, is the injury done to the plaintiff's possession. In order to maintain the action, therefore, possession by the plaintiff is necessary. This possession may be either actual or constructive, a mere right of entry on lands is not sufficient, if they be in

Gent *vs.* Lynch.

the actual possession and occupancy of a disseisor. The law is correctly stated by *Greenleaf,* in his excellent work on *Evidence, Vol.* 2, *sec.* 619, where it is said: "A disseisee, though he may maintain trespass for the original act of disseisin, cannot have this action for any subsequent injury until he has acquired the possession by re-entry."

2nd. Though "at one time it was doubtful whether the action of trespass *q. c. f.* would lie at all where there was no actual possession, and the *locus in quo* was in a wild, unoccupied state, yet it has long been settled, in this country, from the necessity of the case, not that the action will lie without possession, but that it will lie upon that possession which the law implies to be in the owner of land, when no other person is, in point of fact, on it. . In such case the owner has, constructively, the possession." Ruffin, C. J., in *Cohorn vs. Simmons,* 7 *Iredell,* 190.

This is the meaning of the general expression used by the Court in *Norwood vs. Shipley,* 1 *H. & J.,* 295, and in several other cases cited in argument: That in order to maintain the action, it is necessary for the plaintiff to prove title to the land, or that he was in the actual possession at the time of the alleged trespass.

Upon an examination of the proof in this case, a majority of the Court are of opinion that there was no such evidence of the disseisin of the plaintiff, or of the adverse possession of the land by the defendant, as to defeat the action.

The evidence is, that the land was an outlying, unenclosed lot, not at any time in the actual possession of the defendant, in such manner and by such acts of exclusive user and ownership as to establish an adverse possession in law, necessary to constitute an ouster or disseisin of the owner. The only possession proved, is that "the defendant has cut and sold wood off it from time to time." These were mere successive acts of trespass, nothing more. The title being in the plaintiff, the constructive possession was in her, and she was therefore entitled to maintain the suit.

Finding no error in the action of the Circuit Court, the judgment will be affirmed.

*Judgment affirmed.*

(Decided May 5th, 1865.)