(Decided 9th March, 1875.)

---

## ISAAC MILLER *vs.* JACOB MILLER.

*Pleading — Practice — Evidence — Demurrer — Prayers — Trespass—Possession of unenclosed land—Practice in the Court of Appeals—The refusal to grant a Continuance not a subject for Review on Appeal.*

In an action of trespass for entering unenclosed woodland and cutting timber, the *narr.* alleged title in the plaintiff. A plea that "at the time of the alleged trespass, or at any other time, the plaintiff had not exclusive possession of the premises, nor any possession," was HELD:

To be no answer to the averment and so bad on demurrer.

In the same case, a plea alleged that the defendant was the lawful owner of the land at the time of the alleged trespass, and had exclusive possession of the same. Upon appeal from an order sustaining a demurrer to this plea, it was HELD:

That this plea had the same effect as the general issue plea, which had been filed, and the ruling of the Court was therefore correct.

In an action of trespass for entering unenclosed woodland, part of a certain tract, and cutting and carrying away timber; the defendant was examined as a witness for the plaintiff, and, after proving that he had entered upon the premises and had cut and taken away trees, hoop-poles, logs, and a certain number of staves, was asked what the staves were worth; for the purpose of shewing the quantity of timber cut and its value. HELD:

That this question was admissible for the purpose mentioned.

In the same case, the plaintiff having testified that he knew the whole tract, his attorney then read to him the *narr.* describing by metes and bounds the part of the tract in controversy, in order that his testimony might be confined to that part. HELD:

That the *narr.* might be read for the purpose mentioned.

In the same case, the plaintiff having testified that he had bought the land in dispute and paid for it, was asked how long he had been in possession. HELD:

That this question was proper.

In the same case, the plaintiff was asked on cross-examination the value of the land when he purchased it, and the value of the land, timber and all, in the years when the trespass was alleged to have been committed. HELD:

That these questions were irrelevant, and so properly excluded.

Where exception is taken to the admission or rejection of a deed as evidence, and such deed is not contained in the record transmitted to this Court, it will be presumed that the ruling of the Court below was correct.

Where land is unenclosed and unoccupied, the party having title has constructive possession.

The refusal to grant prayers where the appellant sustains no injury thereby, furnishes no ground for a reversal.

Prayers are objectionable which require the Court to pass upon matters of fact.

The refusal of a Court to grant a continuance, being a matter wholly within its discretion, is not a subject for review on appeal.

APPEAL from the Circuit Court for Frederick County. This was an action brought against the appellant on the 3rd of April, 1869, by the appellee for trespass in breaking and entering his close, being part of a tract called "Last of March," and cutting down and carrying away hickory and oak trees. The *locus in quo*, which was unenclosed woodland, was described in the *narr.* by metes and bounds, and testimony was offered tending to show that said description was correct. The *narr.* was filed on the 17th of September, 1869, and the trespass was alleged to have been committed on the 15th of September, 1868, and divers other times between that day and the commencement of

the suit. The defendant took eight exceptions. The first seven are sufficiently set forth in the opinion of the Court. The eighth is as follows:

*Eighth Exception:*—The plaintiff offered the following prayers:

1. That if the jury shall find from the evidence that the plaintiff had the title of the close in the declaration mentioned, and that the defendant entered said close and cut down or carried away any trees of hickory or oak growing thereon, or which were lying upon said ground, then their verdict must be for the plaintiff, and that there is no evidence from which the jury can find that the defendant exercised such acts of exclusive user and ownership, as to establish an adverse possession in law necessary to constitute an ouster or disseisin of the plaintiff.

2. That there has been no evidence offered in the cause from which the jury can find that the close in the declaration mentioned was at any time in the actual possession of the defendant, in such manner and by such acts of exclusive user and ownership, as to establish an adverse possession in law necessary to constitute an ouster or disseisin of the plaintiff.

3. That if the jury shall find from all the evidence that the title to the close in the declaration mentioned was in the plaintiff at the time of the commission of the alleged trespasses, and at the time of the suing out of the original writ in this cause, and that the defendant, without permission, entered said close and cut down any hickory or oak trees growing thereon, or carried away any such wood so cut or lying upon said close, that then their verdict must be for the plaintiff, unless the jury shall further find that the defendant was in the actual possession, custody and occupation of said close from the 15th day of September, 1868, until the 17th day of September, 1869, and shall further find that said actual possession, custody and occupation was adverse to the title of the plaintiff, and was an

open, notorious and exclusive actual possession, custody and occupation.

4. That if the jury shall find the facts stated in the foregoing prayer, they can only find the actual possession, occupation and custody, as in the foregoing prayer mentioned, upon the affirmative showing of the defendant.

And the defendant prayed the Court to instruct the jury that from the pleadings and evidence in the cause, the plaintiff was not entitled to recover,

1st. Because the property described in the evidence in this cause, upon which the alleged trespass is supposed to have been committed, is not the same property set out in the declaration in this case.

2nd. Because the description of the land contained in the plaintiff's declaration, and upon which the trespass complained of is alleged to have been committed, is other and different from the description of the land described in the evidence in the case.

3rd. Because the close in the plaintiff's declaration, being particularly described by courses and distances, it is necessary to prove them as laid.

4th. Because there is no evidence from which the jury can find that the trespass complained of was committed by the defendant upon that part of the tract of land called "Last of March," contained within the courses and distances specially laid in the declaration.

5th. Because the plaintiff has not proved to the jury the lines and actual location of the parcel of land wherein the trespass complained of was committed, as described in the plaintiff's declaration.

6. The defendant also prayed the Court to instruct the jury, that unless they find from the evidence and the pleadings in this cause, that the property described in the evidence upon which the alleged trespass is supposed to have been committed, is the same property set out and described in the declaration in this case, their verdict must be for the defendant.

Miller *vs.* Miller.

[No prayer numbered 7 appeared in the record.—Rep.]

8. That unless the jury find from all the evidence in the case, that the trespass complained of was committed by the defendant upon a part of a tract of land called "Last of March," and contained within the courses and distances specially laid in the declaration, their verdict must be for the defendant.

9. That if the jury shall find the facts set forth in the foregoing prayer, that then the verdict must be for the defendant, although they should otherwise find from the evidence that the plaintiff is entitled to recover.

10. That unless the jury find from the evidence in the cause, that the plaintiff has proved title to the land upon which said trespass is alleged to have been committed, and that said land is a part of a tract of land called "Last of March," then their verdict must be for the defendant.

11. That unless the jury believe from all the evidence in the cause, that the description of the land to be found in the evidence in the cause, upon which said trespass is alleged to have been committed, agrees with the description of said land as set out in the declaration, then the verdict must be for the defendant.

12. That unless the jury shall find from all the evidence, that the actual location and lines of the parcel of land whereon the trespass complained of is alleged to have been committed, are proved as the same are laid in the plaintiff's declaration, their verdict must be for the defendant.

The Court (Bouic, J.,) granted the first, third and fourth prayers of the plaintiff and the sixth, eighth, ninth and eleventh of the defendant, but rejected the plaintiff's second prayer and the first, second, third, fourth, fifth, tenth and twelfth prayers of the defendant. To the granting of the plaintiff's first, third and fourth prayers, and to the rejection of the defendant's first, second, third, fourth,

fifth, tenth and twelfth prayers the defendant excepted. The verdict and judgment were in favor of the plaintiff for $36. The defendant appealed.

The cause was submitted on briefs to BARTOL, C. J., STEWART, BRENT, GRASON and MILLER, J.

*William B. Nelson* and *Frederick J. Nelson,* for the appellant.

*William P. Maulsby, Jr.,* for the appellee.

GRASON, J. delivered the opinion of the Court.

To the declaration in this case four pleas were filed ; to the second and third of which there was a demurrer, which was sustained by the Court, and it is contended that in this respect, there is error. The declaration alleged the *title* of the *locus in quo* to be in the plaintiff. The second plea is that at the time of the alleged trespass, or at any other time, the plaintiff had not exclusive possession of the premises, nor any possession. This was no answer to the averment of *title* in the plaintiff and the demurrer was properly sustained. The third plea says that the defendant was the true and lawful owner of the land upon which the said trespass is alleged to have been committed, at the time of the alleged trespass, and had exclusive possession of the same. This amounts to nothing more than a denial of the title of the plaintiff, and was nothing more nor less than the general issue plea which was filed with the other pleas. There was therefore no error in the ruling of the Court on the demurrer to this plea.

During the progress of the trial seven exceptions were taken by the appellant to the rulings of the Court upon the evidence and one to the granting of the first, third and fourth prayers of the appellee and to the rejection of

the first, second, third, fourth, fifth, tenth and twelfth prayers of the appellant. Some of these exceptions are not referred to in the appellant's brief, and it may therefore be inferred that they have been abandoned, but, as this may not be the case, we shall proceed to consider them in their order.

*1st Exception.* The defendant was examined as a witness for the plaintiff, and after proving that he had entered upon the premises in dispute and cut and taken away trees, and hoop-poles, and logs, and two thousand staves, he was asked what the staves were worth, for the purpose of showing the quantity of the timber cut and its value. This question was objected to by the defendant and the objection overruled and the question allowed to be put, and the defendant excepted. In order to fix the amount of damages sustained, it was incumbent upon the plaintiff to show that trees were cut, and their value. Such trees as are suitable for staves are more valuable than ordinary trees not suitable for such purpose and the question was admissible for the purpose for which it was asked. The answer of the witness to it, that the staves were sold for eight dollars and a half per thousand and that the trees from which they were made were worth half as much as the staves, shows how pertinent and proper the question was.

*2nd Exception.* This exception was taken to the ruling of the Court by which the plaintiff's attorney was permitted to read the declaration to the witness, Jacob Miller, the plaintiff, for the purpose of directing his attention to that part of the tract called " Last of March," which was in controversy in this suit, in order that his evidence might be confined to that part, he having testified that he knew the tract called " Last of March." The declaration is part of the record of the case, which, even the jury, have the right to take to their room when they retire to make up their verdict, and we cannot perceive any objection to its

being read to the witness. for the purpose for which it was permitted to be read in this case.

*3rd Exception.* After the equity proceedings in No. 3254, in the case of Jacob Miller against Henry Miller had been offered in evidence, and the witness had testified that he had bought the land in dispute and paid for it, he was asked how long he had been in possession of it, and this question was objected to, and upon the Court permitting it to be asked, this exception was taken. We cannot perceive that it was liable to any objection, and the ruling of the Court was perfectly correct.

*4th Exception.* This exception was taken to the admission in evidence of a deed from William P. Maulsby, Jr., trustee. As the deed is not in the record we must presume that the ruling of the Court below was correct. *Gent vs. Lynch,* 23 *Md.,* 64.

*5th and 6th Exceptions.* In these two exceptions the same witness was asked by defendant's attorney upon cross-examination, "what was the value of the land when he purchased it?" and, "what was the land, timber and all, worth in 1868 or 1869?" These questions were objected to and held to be inadmissible. The value of the land when the plaintiff purchased it, or the value of the land, timber and all, in 1868 or 1869, were not the issues to be found by the jury, nor could answers to those questions throw any light upon them. These issues were the title to the land, and whether the defendant had cut timber from it and taken it away, and if so to what value? The Court was correct in not permitting these questions to be put or answered.

*7th Exception.* This exception was taken to the ruling of the Court in not permitting a deed from Henry Miller to the defendant to be read to the jury, the plaintiff's counsel having objected to its admission on the ground that the defendant was estopped from setting up title to said land under said deed by the equity proceedings offered

in evidence, his title to said land having been passed upon in said cause. The Court, in refusing to permit the deed to be read, stated that it did not feel at liberty to disturb the decision in said equity case. Neither the deed nor the equity proceedings are contained in the record, only the docket entries in the equity case being inserted therein. In their absence we must presume that the ruling of the Court below was correct. *Gent vs. Lynch*, 23 *Md.*, 64.

8*th Exception.* As we have before stated, where land is unoccupied the party having the title has constructive possession, and the plaintiff had offered proof of his title and that he had gone upon the land, and cut staves and hoop-poles whenever he wanted them, and the defendant had offered no evidence of such a possession in himself as would constitute an ouster or disseisin of the plaintiff, and if the jury should find the title in the plaintiff, and that the trespasses were committed by the defendant, the plaintiff's right to recover was undoubted. The plaintiff's first prayer was therefore properly granted.

The only objection made to the plaintiff's third and fourth prayers is, that they require the jury to find that the actual possession of the *locus in quo* was in the defendant from the 15th day of September, 1868, *until the 17th day of September*, 1869, in order to defeat the plaintiff's right to recover. As no evidence had been offered of such a possession in the defendant as was sufficient to defeat the plaintiff's right to recover, and by the granting of the plaintiff's first prayer the jury had been so instructed, the defendant could not possibly be injured by these instructions which required the jury to find possession in the defendant from the 15th September, 1868, to 17th September, 1869.

The appellant's first, second, third and fifth prayers were objectionable, because they required the Court to pass upon matters of fact, which it was the peculiar province of the jury to determine, and they were therefore properly

rejected, and those matters of fact were submitted to the finding of the jury by other prayers of the appellant, which were granted.

The defendant himself had testified that he had entered upon the land *described in the declaration* and cut, &c., and the Court could not therefore instruct the jury that there was no evidence that the defendant had committed a trespass upon that part of the tract called "Last of March," contained within the courses and distances as described in the plaintiff's declaration, and it therefore very properly refused to grant the appellant's fourth prayer. By granting the appellant's eighth prayer he obtained the full benefit of all that was asked by his tenth and twelfth, and he was therefore not injured by their rejection and the refusal to grant them furnishes no ground for reversal. After the foregoing prayers had been submitted and passed upon by the Court, the appellant made a motion for a continuance of the cause upon the ground that the declaration was, by leave of the Court, amended; but the Court overruled the motion and the appellant excepted. This was a matter wholly within the discretion of the Court and is, therefore, not the subject of review upon appeal.

Finding no error in any of the rulings of the Court below, the judgment appealed from will be affirmed.

*Judgment affirmed.*

(Decided 9th March, 1875.)