## THE UNIVERSAL LIFE INSURANCE COMPANY *vs.* ANNA BACHUS.

*Construction of sec. 211 of the Act of 1868, ch. 471, relating to Suits against Foreign Corporations, exercising Franchises in this State—Demurrers to a Declaration and to Pleas in an Action on an Unsealed Life Insurance Policy—Continuance, not a subject of Appeal—How to have a Restraining Order, passed by a Court of another State, considered by this Court— Admissibility in Evidence of a Life Insurance Policy— Absence of Proof.*

Under the clause of the Act of 1868, ch. 471, sec. 211, which provides, that " suits may be brought in any Court of this State   *   *   * against any corporation not incorporated under its laws but deemed to hold and exercise franchises herein   *   *   *   by a resident of this State, for any cause of action, and by a plaintiff, not a resident of this State, when the cause of action has arisen, or the subject of the action shall be situated in this State," an objection to the jurisdiction of the Court was not clearly presented by a demurrer by the appellant to the declaration against it, to recover on a policy of insurance of the appellee's husband's life, as there was nothing in the demurrer which showed that the appellant was a foreign corporation, or that the appellee was a non-resident. The fact that the affidavit to the account, filed with the declaration, was made by the appellee before a notary public in the city of Washington, did not prove that the appellee was a resident of that city and not a resident of Maryland. The account filed with the declaration formed no part of it.

To a declaration in *assumpsit* upon an unsealed life insurance policy, the appellant pleaded : that it never was indebted as alleged ; and for a 2nd plea, that it did not promise as alleged ; and for a 3rd plea, that the alleged policy of insurance was not its deed ; and for a 4th plea, *non est factum ;* and for a 5th plea, it did not violate any of its covenants; and for a 6th plea, *non infregit conventionem :* and for a 7th plea, the general issue to the declaration of the plaintiff. HELD :

The Universal Life Ins. Co. *vs.* Bachus.

That the demurrer to these pleas, (except the first and second,) was properly sustained, as none of them (except the first and second and the seventh) applied to the action, and the seventh, if good in form, was merely a repetition of the first and second.

An exemplified .copy of an order of the Supreme Court of the State of New York, forbidding the bringing, continuing or maintaining any suit against the appellant was filed with the Clerk of the Court below, and a copy served on the appellee's attorney, and motion made for a continuance of the cause. HELD :

1st. That the refusal of the Court to grant a continuance was a matter within its discretion, and not the subject of review on appeal.

2nd. That if it was desired to have the question, as to whether the restraining order was effective to prevent the prosecution of the action determined by this Court, it should have been raised by a plea, or in some other mode than by an application for a continuance.

A policy of insurance offered in evidence by the appellee, made with her and her husband, purported to agree to pay to the survivor of them, "at the company's office in the city of New York," an amount stated, on proof of the death of either of them, "of the City of Washington, in the County of Washington, in the District of Columbia." It was signed by the president and the secretary of the company, and purported to have been duly delivered. In an action to recover on this policy, it was HELD :

1st. That this policy was properly admitted in evidence, as it corresponded with that described in the declaration, and as there was an absence of proof that the appellee was a non-resident of this State at the time the suit was brought, or that the contract was not made in this State.

2nd. That by suing the foreign corporation in a Maryland Court, on this policy the plaintiff asserted a right to do so, upon the ground either that she was a resident of this State at the time, or that the suit was on a Maryland contract.

APPEAL from the Court of Common Pleas.

This suit was instituted by the appellee against the appellant to recover on a policy of insurance on her husband's life. The declaration did not allege that the plaintiff was a resident of this State, nor that the cause of action had arisen in this State. The affidavit to the account

filed with the declaration purported to have been made by the plaintiff before a notary public in the city of Washington. The defendant demurred to the declaration. The demurrer was overruled, with leave to the defendant to plead over, which it did, as stated in the opinion of the Court. The demurrer of the plaintiff to some of the defendant's pleas having been sustained by the Court, the defendant moved the Court for a continuance of the cause, for the reason that proceedings instituted against it by the Attorney-General of the State of New York were pending in the Supreme Court of that State, in which an order of injunction had been passed forbidding the bringing, continuing or maintaining any suit against it until further order of said Court. And the defendant filed an exemplified copy of this order with the clerk of the Court below, and served a copy on the plaintiff's attorney. This motion was overruled.

*Exception.* At the trial, the plaintiff offered in evidence the defendant's life policy of insurance on the joint lives of the plaintiff and her husband, payable to the survivor on the death of either. The Court (GAREY, J.,) permitted the policy to be read in evidence. The defendant excepted; and the verdict and judgment being for the plaintiff, the defendant appealed.

The cause was argued before BARTOL, C. J., BRENT, MILLER, GRASON and ALVEY, J.

*John R. Kenly,* for the appellant.

*W. J. Waterman,* for the appellee.

MILLER, J., delivered the opinion of the Court.

It seems to have been the purpose of the defendant in this suit to set up the defence that the Court of Common Pleas had no jurisdiction over the case or cause of action, under that clause of section 211 of the Act of 1868, ch.

471, which declares that suits against foreign corporations exercising franchises in this State may be brought in any of the Courts of this State, 1st, "by a resident of this State for any cause of action," 2nd, "and by a plaintiff not a resident of this State when the cause of action has arisen, or the subject of the action shall be situated in this State." This clause has been thoroughly considered and construed in *Myer's Case*, 40 *Md.*, 595, and *Sidney Norris & Co. vs. The Royal Canadian Ins. Co. Garn. of Foley*, 49 *Md.*, 366. In these cases it was held, that this statutory provision operates as a grant to our Courts of jurisdiction over certain suits against foreign corporations, not otherwise compelled to submit to the jurisdiction of any Court of this State, and hence where the defendant corporation is such as is described, and the plaintiff is a non-resident and the contract on which the suit is instituted, is made and the subject of it situated in another State, no Court of this State has jurisdiction. It was also decided that this objection could be raised as well after as before a plea to the merits. But in the record before us we do not perceive that the objection has been properly raised at all.

1st. It is clearly not presented by the demurrer to the declaration, for there is nothing in that which shows that the defendant is a foreign corporation or that the plaintiff is a non-resident. The account filed with the declaration forms no part of it, and besides the fact that the affidavit of the plaintiff thereto was made before a notary public in the city of Washington does not prove, and hardly tends to prove she was a resident of that city and not a resident of Maryland. There was therefore no error in overruling this demurrer.

2nd. It is not raised by the pleas. These are that the defendant, 1st, was not indebted as alleged. 2nd, that it did not promise as alleged. 3rd, that the alleged policy of insurance is not its deed. 4th, *non est factum*. 5th, that it did not violate any of its covenants. 6th, *non in-*

*fregit conventionem,* and 7th, "it pleads the general issue to the declaration of the plaintiff." Issue was joined upon the first and second, and to the others the plaintiff demurred. The declaration is in *assumpsit* upon an unsealed insurance policy, and to sustain action it is plain the third, fourth, fifth and sixth pleas have no application. The seventh, if good in form, is merely a repetition of the first and second. The Court committed no error in sustaining this demurrer.

3rd. The refusal of the Court to grant a continuance of the case upon the defendant's application was a matter wholly within its discretion and is not a subject of review on appeal. *Miller vs. Miller,* 41 *Md.,* 623. If the restraining order of the New York Court was in force at the time, and it was desired to have this Court determine whether that order was effective to prevent a prosecution of the present action during its continuance, the question should have been raised by a plea or in some other mode than by an application for a continuance of the cause.

4th. At the trial a single exception was taken, and that was simply to the admissibility in evidence of the policy sued on and described in the declaration. The policy itself is not *incorporated* in the exception, but appears in the record following the exception as the policy therein *referred to.* We shall not stop to inquire whether this so makes it part of the exception that we can consider it in reviewing the Court's ruling as to its admissibility, but will assume that it does. It is a life insurance policy and by it the Universal Life Insurance Company, in consideration of a certain premium paid and to be annually paid by the assured, August and Anna Bachus, agrees to pay to the survivor of them at the Company's office in the city of New York, the sum of $5000, in thirty days after due notice and satisfactory proof "of the death of either of the said August and Anna Bachus, of Washington, in the County of Washington, District of Columbia." It is signed

The Universal Life Ins. Co. *vs.* Bachus.

by the President and Secretary of the Company and purports to have been delivered on the 7th of May, 1875. Now it may be inferred from the face of the instrument that the defendant was a New York company or corporation, and that at the time it was issued the assured were residents of the District of Columbia. But there is no proof, as there was in the case of *Sidney Norris & Co. vs. The Royal Canadian Ins. Co., Garn. of Foley,* that it was delivered to the assured in Washington by an agent of the Company there, and that the contract of insurance was there made, or that it was not delivered and the contract made by an agent of the Conpany in Baltimore, having his office in that city. But more than this, there is no proof, as there was in that case, that the plaintiff *continued* to reside in Washington, and was *not a resident of Maryland* at the time the suit was instituted. By suing a foreign corporation in a Maryland Court on this policy, the plaintiff asserted a right to do so upon the ground either that she was a resident of this State at the time, or that the suit was on a Maryland contract. In the absence then of all proof to the contrary such as we have mentioned, and the policy corresponding with that described in the declaration, we are clearly of opinion the Court was right in admitting it in evidence.

These are the only questions the record presents, and finding no error in the Court's action as to any of them, the judgment must be affirmed.

*Judgment affirmed.*