Zimmerman *vs.* Shreeve.

(Decided 9th February, 1883.)

SOLOMON J. ZIMMERMAN *vs.* CHARLES W. SHREEVE.

*Trespass quare clausum fregit—Measure of damages in an action of Trespass quare clausum fregit brought by a Tenant for life—Estovers.*

The gist of the action of trespass *quare clausum fregit* is the injury to the plaintiff's possession, and therefore, to maintain the action, it is essential that he be either in the actual or constructive possession of the *locus in quo* at the time of the injury done.

It is well settled that the same acts of trespass may inflict injuries upon different rights, for which the defendant may be liable in several actions, to different persons, according to the nature and extent of the injury inflicted.

In the case of a tenant, whether for life or for years, he may sue and recover for the injury to his possession and right of enjoyment, and the reversioner or remainder-man may sue for any injury sustained to the estate in reversion or remainder.

And when there are several entitled in succession, as tenants for life, in tail, or in fee, they can recover only damages commensurate to the injury done to their respective estates.

In the case of a tenant for life, he is entitled, of right, to reasonable *estovers* from the land, that is, wood for fuel, fences, agricultural erections, and other necessary improvements and repairs.

If the right of *estovers* be disturbed or impaired by a trespasser, the tenant for life is entitled to recover for the injury he may have sustained in respect to that right.

Zimmerman *vs.* Shreeve.

An action was brought by a tenant for life for breaking his close and cutting down and otherwise destroying large quantities of growing timber thereon, and the carrying away of quantities of rails, posts, logs, tan bark, &c. The lot trespassed on was an outlying, unenclosed mountain lot, used exclusively for its wood and timber, and which constituted its main value. HELD:

1st. That in such case, the injury to the possessory right, by cutting and carrying away the wood and timber, consisted in the damage done to the right to use such wood and timber by the life tenant, according to the customary mode of user; such user to be reasonable, and confined to such wood and timber as could be taken for ordinary *estovers;* and any trespass that disturbed and impaired such beneficial user by the tenant for life, was an injury for which he might recover.

2nd. That in the instructions to the jury the measure of damages should have been restricted to the injury done to the interest or estate of the plaintiff by the trespass of the defendant; and the jury should not have been allowed to award compensation to the plaintiff for any injury done to the estate in remainder.

APPEAL from the Circuit Court for Frederick County.

The case is stated in the opinion of the Court.

*First four exceptions,* not passed on by the Court.

*Fifth Exception.* The plaintiff offered eight prayers; the fourth and seventh of which were rejected, and are omitted. Those granted are the following:

1. That if upon the pleadings, and all the evidence, the jury shall find that Mary E. Shreeve, the mother of the plaintiff, bought the lot in the evidence mentioned, about 1845, and remained in possession thereof until her death, and shall further find that upon the death of Mary E. Shreeve she left a last will and testament devising the lot in question to her children for their lives, and at their death to her grand-children, and shall further find that said lot at the death of said Mary E. Shreeve went into the possession of her said children, of whom plaintiff is one, and

remained in their possession, until the same was sold and conveyed by them to the plaintiff, in about 1866, and has remained in his possession until this suit was brought, and shall further find that defendant, or any one by his permission, or under his control entered upon said land and hauled away any rails, cross-ties or other articles made of trees cut from said premises, that then the verdict of the jury must be for the plaintiff.

2. That if upon the pleadings, and all the evidence, the jury shall believe that Mary E. Shreeve purchased the lot in question about 1845, and remained with the devisees under her will in sole and exclusive possession thereof as owner, from that time until 1866, and that in 1866, the devisees, under the will of Mary E. Shreeve conveyed said land to the plaintiff who remained in possession thereof, claiming to own the same until December, 1874, and shall further find that the said land was an outlying unenclosed lot, that then there is no evidence legally sufficient for the jury to find that the defendant was in actual possession of said land in such manner and by such acts of exclusive ownership and uses as to establish such an adverse possession in law as is necessary to disseise or oust the plaintiff, and the verdict of the jury must be for the plaintiff, if the jury shall find that defendant trespassed upon said lands.

3. That if the jury shall find from the evidence that plaintiff bought the land in question, in 1866, and entered into possession of the same, claiming to own it, and remained in undisputed possession and ownership of said land until December, 1874; that in December, 1874, defendant entered upon said land, had a line run round said lot by a surveyor, under a claim of ownership; that in the spring of 1875 he cut some rails on said land and hauled off some which were lying there; that in the spring of 1876, and in the spring of 1877, he again cut wood and made rails on said land, and shall further find that said acts were the only ones which the defendant did, to take possession

of said lands; that these acts are not sufficient in themselves to divest plaintiff of his possession, if the jury shall find the same, and the verdict of the jury must be for the plaintiff.

5. That on the pleading and the evidence, the measure of damages in this case is the value of the property taken away by the defendant and his agents, and employés, if the jury shall find such was taken away, at the time said property was severed from the soil, without any allowance or charges for cutting, if the jury shall find any such severance. .

6. That if the jury shall further find that said land was an outlying unenclosed lot, that then there is no evidence legally sufficient for the jury to find that the defendant was in actual possession of said land, in such manner and by such acts of exclusive ownership and user, as to establish such an adverse possession in law, as is necessary to disseise or oust plaintiff, and the verdict of the jury must be for plaintiff, if the jury shall find that defendant trespassed upon said lands.

8. That upon the pleadings and the evidence, there is no evidence legally sufficient to find a verdict for the defendant on the issue joined on the second plea.

The defendant offered the six following prayers:

1. That upon the pleadings and evidence in the cause, to enable the jury to give damages to the plaintiff for cutting and hauling away and injuring the growing timber on the land mentioned in the declaration, they must first find from the evidence that the plaintiff was the absolute owner in fee of said land, at the time said acts were done.

2. That if the jury find from the evidence, that the plaintiff derived his title to said land from the children of Mary E. Shreeve mentioned in the will of said Mary E. Shreeve, offered in evidence in the case, and that said children derived their title to said land under said will, then said plaintiff is only a tenant for life of the same, and

the jury are not at liberty to allow any damages for the cutting, hauling away, or injury of the growing timber on said land.

3. That if the jury shall find from the evidence, that Mary E. Shreeve died seized and possessed of the land in question, that she left a last will and testament by which she devised the same to Daniel L. Shreeve, Benjamin F. Shreeve, Thomas J. Shreeve, Mary E. Shreeve, Ann Olivia Shreeve, Arthur B. Shreeve, and the plaintiff, Charles W. Shreeve, during their natural lives, and after their death, or either of them, the share or portion of said child to his or her issue, lawfully begotten, and shall further find, that the said children of Mary E. Shreeve above mentioned, have infant children living, that then the plaintiff is only entitled to an undivided part of said land as tenant for life, in common with the other children of Mary E. Shreeve, and the jury is not at liberty to give damages for the cutting, hauling away or injury of the growing timber on said land.

4. That if the jury find from the evidence, the facts set forth in the aforegoing prayers, and they further find, that the defendant committed the trespass as alleged in the declaration; then in assessing their damages, they are not at liberty to allow for the value of the timber cut, hauled away and injured by said defendant.

5. That even if the jury should find from the evidence, that the plaintiff had continuous, uninterrupted and adverse possession of said land for twenty years, as against the defendant; that nevertheless, the jury are not at liberty to allow by way of damages, anything for the value of the timber cut, hauled away and injured; if they further find the fact as set forth in the fourth and fifth prayers.

6. That unless the jury find from the evidence, that the plaintiff at the time of the bringing of this suit, had a title in fee to the land in question, or some part thereof, and was absolute owner of the same, or that at the time of the

alleged trespass, he was in actual possession of the same, their verdict must be for the defendant.

The Court (LYNCH and BOUIC, J.,) granted the first, second, third, fifth, sixth and eighth prayers of the plaintiff, and rejected his fourth and seventh prayers, and all the prayers of the defendant. The defendant excepted, and the verdict and judgment being against him, he appealed.

The cause was submitted to MILLER, STONE, ALVEY, ROBINSON, and IRVING, J.

*Frederick J. Nelson*, for the appellant

*J. E. R. Wood*, and *Wm. P. Maulsby*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

This was an action of trespass *quare clausum fregit* brought by the appellee, the plaintiff below, against the appellant. The plaintiff was only tenant for life of the premises upon which the alleged trespass was committed. The trespass complained of was the breaking the close, and the cutting down, and otherwise destroying, large quantities of growing timber thereon, and the carrying away of quantities of rails, posts, logs, tan bark, &c.

In the course of the trial below there were several bills of exception taken by the defendant; but the only question raised in this Court, as we gather from the briefs submitted, is one with respect to the measure of damages, and that is raised upon the prayers which were granted by the Court, at the instance of the plaintiff.

The gist of the action of trespass *quare clausum fregit* is the injury to the plaintiff's possession, and therefore, to maintain the action, it is essential that he be either in the actual or constructive possession of the *locus in quo*, at the time of the injury done. *Gent vs. Lynch*, 23 *Md.*, 58. The damages will vary, and must be measured, according

to the interest of the plaintiff in the *locus in quo*. This rule of damages is founded upon obvious principles of justice, as otherwise the plaintiff might get extravagant recompense for the injury to the land, when his interest therein was limited, or upon the eve of expiring, and the defendant might be made liable for the same damages to different persons. It is well settled that the same acts of trespass may inflict injuries upon different rights, for which the defendant may be liable in several actions, to different persons, according to the nature and extent of the injury inflicted. In the case of a tenant, whether for life or for years, he may sue and recover for the injury to his possession and right of enjoyment, and the reversioner or remainder-man may sue and recover for any injury sustained to the estate in reversion or remainder. And where there are several entitled in succession, as tenants for life, in tail, or in fee, they can recover only damages commensurate to the injury done to their respective estates. *Herlakenden's Case*, 4 *Co.*, 63; *Briddlesford vs. Onslow*, 3 *Lev.*, 209; *Jefferson vs. Jefferson*, *Id.*, 130; *Jesser vs. Gifford*, 4 *Burr.*, 2141; *Evelyn vs. Raddish*, *Holt N. P.*, 543, *note; Twynam vs. Knowles*, 13 *C. B.*, 222; *Lane vs. Thompson*, 43 *N. H.*, 320. The damages, therefore, must be assessed with reference to the extent of the several interests affected.

In the case of a tenant for life, he is entitled of right, to take reasonable *estovers* from the land, that is, wood for fuel, fences, agricultural erections, and other necessary improvements and repairs. But, under this right of *estovers*, the tenant cannot destroy or dispose of the timber, nor do any other permanent injury to the estates in reversion or remainder; for that would subject him to the action and penalties of waste. *Co. Litt.*, 41, *b, and* 73, *a;* 4 *Kent Com.*, 73; 1 *Washb. R. Pro.*, 115, 116, (3rd *Ed.*) The tenant must cut only such wood and timber as he may need for immediate use, and not in anticipation; and he must cut only such timber as is fit for the use for which he is

allowed to take it. And, as a general principle, whatever wood or timber he is allowed to cut, he must use upon the premises, and not elsewhere. 1 *Washb. R. Pro., (3rd Ed.)* 116, and the cases there cited. If, therefore, this right of *estovers,* thus limited and restricted, be disturbed or impaired by a trespasser, the tenant for life is entitled to recover for the injury he may have sustained in respect of that right.

But in the present case, the lot trespassed upon was an outlying, unenclosed mountain lot, used exclusively for its' wood and timber, and which constituted its main value. Such timber lots are generally used in connection with separate farm land, and as means of supplying the necessary wood and timber to the farm. In such case, the injury to the possessory right, by cutting and carrying away the wood and timber, consists in the damage done to the right to use such wood and timber by the life tenant, according to the customary mode of user; such user to be reasonable, and confined to such wood and timber as could be taken for ordinary *estovers;* and any trespass that disturbs and impairs such beneficial user by the tenant for life is an injury for which he may recover.

By the instruction, however, as given by granting the first and fifth prayers of the plaintiff, no reference whatever is made to the several interests or estates of the tenant for life and that of the parties entitled in remainder; and though the cutting of trees, and the hauling away of rails, cross-ties, or other articles made of trees cut upon the premises, may have occasioned serious damage to the estate in remainder, yet, according to the instruction given, the whole amount of damage is required to be rendered to the plaintiff, the tenant for life. This, we think, was error. The jury should have been instructed with reference to the interest or estate of the plaintiff, and the injury thereto by the trespass of the defendant; and not have been allowed to award compensation to the plaintiff for an injury done to the estate of another.

All the prayers on the part of the defendant were rejected, and, we think, rightly so. They were all obnoxious to the objection that they required the jury to determine upon the legal construction of muniments of title, and thus to pass upon questions of law. Besides, they sought to exclude the plaintiff from the right to recover any damage whatever for the cutting and carrying away the timber from the land, though it might have disturbed or impaired his right thereto as tenant for life.

We shall reverse the judgment and award a new trial.

*Judgment reversed, and*
*new trial ordered.*

(Decided 9th February, 1883.)