KATIE W. TINKHAM *vs.* DORA O. WIND.

Plymouth.    December 5, 1945. — February 1, 1946.

Present: FIELD, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Real Property,* Life estate. *Landlord and Tenant,* Lease for life, Eviction. *Trespass. Practice, Civil,* Ordering verdict.

A sealed lease for the life of the lessee, containing agreements by the lessee, stated to be as "rent," to keep the leased premises in condition, to pay the taxes thereon to the lessor, to keep the premises insured for the lessor's benefit at the expense of the lessee, and to pay the water charges, and a provision that the lessor might enter "to expel" the lessee if he should "fail to pay the rent as aforesaid or make or suffer any strip or waste," created a determinable life estate in the lessee.

An exception to the denial of a motion for a directed verdict not specifically based on the pleadings will not be sustained if the evidence warranted a finding for the plaintiff for at least nominal damages under some form of pleading.

Whatever the technical nature of the rights of the lessee under a lease for his life with agreements by him to perform certain things as "rent," the lessee was entitled to recover at least nominal damages from the lessor where the lessor entered the premises and deprived him of possession notwithstanding that he had performed all his agreements.

TORT. Writ in the Superior Court dated June 30, 1943. The case was tried before *Warner,* J.

In this court the case was submitted on briefs.

*E. G. Townes & E. H. Stevens,* for the defendant.

*C. C. Reed & J. R. Wheatley,* for the plaintiff.

WILKINS, J. The plaintiff sues in tort for damages for an alleged wrongful entry by the defendant and deprivation of possession of premises leased from the defendant. The jury found for the plaintiff after the defendant's motion for a directed verdict had been denied subject to her exception.

By a sealed instrument dated January 7, 1937, the defendant did "lease, demise and let" to the plaintiff and her husband, since deceased, "a certain summer dwelling house and portable garage" with the surrounding lawn and flower gardens on the defendant's property in Wareham "to hold for and during the term of the natural lives of the lessees and the survivor of them." As "rent" the lessees agreed "to keep the buildings . . . in as good condition as the same now are, fire and other unavoidable casualties excepted; to pay to the lessor an amount equal to a just and proportionate amount of the taxes assessed on said property; to keep said property insured for the benefit of the lessor; and to pay the cost of the same; and to pay all charges for water." The lessees also agreed "to pay the rent as above stated . . . and not [to] make or suffer any waste thereof; and that the lessor may enter to view and make improvements and to expel the lessees if they shall fail to pay the rent as aforesaid or make or suffer any strip or waste."

The lease created a life estate determinable upon the stated contingencies. *Hurd* v. *Cushing*, 7 Pick. 169, 175. Am. Law Inst. Restatement: Property, § 152 (a) (b); comment (c). Tiffany, Landlord & Tenant, § 11b. See *Blood* v. *Blood*, 23 Pick. 80. This is true notwithstanding the stipulation for the payment of rent. *Thompson* v. *Baxter*, 107 Minn. 122, 125. Platt on Leases, 6, 678. Wood, Landlord & Tenant (2d ed.) 140. 33 Am. Jur., Life Estates, Remainders, & Reversions, § 6. See *Pynchon* v. *Stearns*, 11 Met. 312. Where there is a lease for a term of years, there is an implied covenant for quiet enjoyment. *William A. Doe Co.* v. *Boston*, 262 Mass. 458, 460–461. *Burofsky* v. *Turner*, 274 Mass. 574, 581. *H. W. Robinson Carpet Co.* v. *Fletcher*, 315 Mass. 350, 353. The underlying reason has been stated by Chief Justice Shaw to be that "Every grant

of any right, interest, or benefit, carries with it an implied undertaking, on the part of the grantor, that the grant is intended to be beneficial; and that so far as he is concerned, he will do no act to interrupt the free and peaceable enjoyment of the thing granted." *Dexter* v. *Manley,* 4 Cush. 14, 24. See Tiffany, Real Property (3d ed.) §§ 91, 92. There are certain old decisions in other jurisdictions to the effect that in a lease for life, creating as it does a freehold estate, such a covenant will not be implied. *Young* v. *Hargrave's Administrator,* 7 Ham. 394. *Black* v. *Gilmore,* 9 Leigh, 446. See *Headley* v. *Hoopengarner,* 60 W. Va. 626, 632. If, however, there is a reservation of rent, it has been held that there is an implied covenant for quiet enjoyment for breach of which the life tenant may bring trespass or ejectment. *Black* v. *Gilmore, supra.* See Tiffany, Landlord & Tenant, § 11b. The holder of a life estate also has a right that his possession be not disturbed by anyone, and, if it is, he may recover the difference between the value of the estate before, and its value after, the violation of such right. Am. Law Inst. Restatement: Property, §§ 117, 118. See *Rockwood* v. *Robinson,* 159 Mass. 406, 407; *Anthony* v. *New York, Providence & Boston Railroad,* 162 Mass. 60, 63; *Zimmerman* v. *Shreeve,* 59 Md. 357, 363; *McClure's Executors* v. *Gamble,* 27 Penn. St. 288, 291; *Herbert* v. *Rainey,* 162 Penn. St. 525, 529–530.

We need not elaborate upon the nature and extent of the plaintiff's right, because she is entitled to recover nominal damages at least, if the defendant wrongfully entered upon the property. *Chaffee* v. *Pease,* 10 Allen, 537. *Tramonte* v. *Colarusso,* 256 Mass. 299, 301–302. *Lawrence* v. *O'Neill,* 317 Mass. 393, 395. The motion for a directed verdict was not specifically based upon the pleadings. The exception to the denial of this motion, therefore, will not be sustained if the evidence justified a finding for the plaintiff in any amount. *Weiner* v. *D. A. Schulte, Inc.* 275 Mass. 379, 385. *Earle C. Dodds Inc.* v. *Boston Casualty Co.* 308 Mass. 124, 127. *Beit Bros. Inc.* v. *Irving Tanning Co.* 315 Mass. 561, 563.

While there was a covenant against underletting without

the written consent of the defendant, and the plaintiff on
one occasion underlet, apparently without such consent,
the defendant through her husband, who on the evidence
could have been found to be her agent, in writing subse-
quently agreed to the underletting. This episode is, there-
fore, out of the case. *Markey* v. *Smith*, 301 Mass. 64, 72.
The plaintiff testified that the subtenants "had damaged
the grounds"; that she knew of a hole in the living room
ceiling made by plumbers to repair pipes; that couplings
were sawed with a hack saw; that "the copper tank was
taken out of the building"; that she had kept the buildings
in as good condition as they had been in 1937; and that she
"had done what was necessary in the way of repairs prior
to the time she left." It could have been found that the
defendant through her husband had collected money from
the subtenants in full for repair of the roadway and shrub-
bery. On the evidence it also could have been found that
the plaintiff had substantially performed all covenants to
be performed on her part, and that all payments required
of her had been made. *Sanders* v. *Bryer*, 152 Mass. 141,
142. *Massachusetts Home Missionary Society* v. *Sirianni*,
252 Mass. 352, 353. Nevertheless on April 24, 1943, the
defendant, accompanied by her husband, made entry by
walking upon the steps but not entering the house. On
April 27 the defendant's attorney wrote the plaintiff that
the defendant had "made an entry on April 24, 1943, for
the purpose of revesting in her the premises . . . for con-
dition broken." The plaintiff, who had not lived in the
house since the fall of 1942, "did not occupy the premises
thereafter, and . . . moved out the following May or June."
On an unstated date the plaintiff was informed in a letter
from the defendant's attorney to the plaintiff's attorney
that the defendant "insists upon her rights in the premises.
But . . . she has no objection to the continued occupancy
by the [plaintiff] . . . provided it is definitely understood
that such occupancy does not constitute a waiver of . . .
[the defendant's] rights, and does not constitute a waiver
of the breach of this lease." The defendant's position was
not bettered by the latter communication, which was noth-

ing more than an attempted recognition of a tenancy at sufferance or a proposal to enter into a new relationship of a tenancy at will. After verdict the defendant's entry must be taken to have been wrongful. *Greater Boston Bowling Alleys, Inc.* v. *Olympia Theatres, Inc.* 255 Mass. 477, 480.

*Exceptions overruled.*