(Decided 16th June, 1869.)

---

WILLIAM A. DEAN *vs.* JOHN S. TURNER.

*Practice in the Courts below in regard to Continuance upon affidavit of what an Absent witness can prove— What should be stated in the Affidavit—Action of Trover to recover a Bond lent for a Specific purpose, and afterwards sought to be applied to a different purpose.*

A party to an action at law, who seeks a continuance on the ground of the absence of a material witness, having made affidavit of the facts expected to be proved by the witness, and having stated, on examination by the Court, that his information and knowledge were derived from conversations with, and an affidavit of the witness, and that the

Dean *vs.* Turner.

affidavit was in the possession of his counsel, then present, must, if required by the Court, produce the affidavit, and append it to or incorporate it in his own.

Whenever a party seeks a continuance upon the ground of the absence of a material witness, it is his duty to state in his affidavit, fully and frankly if he knows them, all the material facts which the witness will prove, as well those which are unfavorable as those which are in his favor; and if in any case the Court has reason to suspect this has not been done, it is its duty to exercise the power of examining the party on oath, so as to be satisfied of the entire truth of his affidavit.

A bond or single bill under seal belonging to the plaintiff, was lent by him to G, who borrowed it, at the defendant's suggestion, for the specific purpose of enabling G to raise money upon it, or get credit upon it in Baltimore, so that he might go into business and form a partnership with A. The defendant knew the bond belonged to the plaintiff, and was fully acquainted with the extent of G's authority to use it. G, in pursuance of this authority, hypothecated the bond with the defendant, as collateral security for an advance of $1,000 made by the defendant to him, by means of two acceptances of $500 each; and the defendant entered into a written contract, dated the 20th of July, 1866, to return the bond when the $1,000 should be paid. This was fully paid by the 14th of March, 1867, and the return of the bond demanded, but the defendant refused, and sought to hold it as security for an antecedent debt due to him by A, prior to the formation of the partnership between him and G, but afterwards assumed by the partners by giving their notes therefor, pursuant to a parol agreement of the 18th of April, 1867, the terms on which said assumption were made, being reduced to writing, and signed by the defendant, on the 6th of June, 1867. On a suit brought in trover by the plaintiff against the defendant for the conversion of said bond. HELD:

1st. That G had no authority to pledge the bond in fulfilment of the agreement of the 18th of April, 1867, or the contract of the 6th of June, 1867.

2d. That the authority which he did have did not warrant any such contract.

APPEAL from the Superior Court of Baltimore City.

This was an action of Trover, instituted by the appellee, to recover from the appellant a bond or single bill under seal belonging to the appellee, and lent by him to J. W. George, who borrowed it at the appellant's suggestion for

the specific purpose of enabling George to raise money upon it, or get credit upon it in Baltimore, so that he might go into business and form a partnership with T. W. Ashby. The appellant loaned him the money himself upon the bond and other collateral security, and after the money so borrowed had been returned, George, on the 18th of April, 1867, agreed that the firm of T. W. Ashby & Co. should assume an antecedent debt from Ashby to the appellant, the terms of which agreement were reduced to writing, and signed by the appellant, on the 6th of June, 1867, as follows :

Whereas, I, William A. Dean, am the holder of three notes signed by Ashby & George, one for the sum of $723.83, due 5th of January, 1867 ; one for the sum of $723.82, due the 5th of July, 1867 ; and one other for the sum of $723.82, due the 5th of January, 1868 ; and having made the following arrangement for the settlement of the said several notes, five negotiable notes, one for the sum of $150.06, bearing date the 18th of April, 1867, and payable two months after date; the second bearing date the 18th of April, 1867, and payable three months after date, for the sum of $149.81 ; the third bearing date June the 6th, 1867, for the sum of $150.06, and payable two months after date; the fourth note bearing date the 18th of April, 1867, for the sum of $149.81, and payable five months after date ; and have agreed to place in my possession, on or before the 1st of September, 1867, two bonds, one for the sum of $500.00, dated the 1st of January, and payable on demand to John W. George, and signed by Geo. E. Marshall, Peggy Morris, and Betsy Morris, (interest on said note has been paid up to January 1st, 1860;) the other bond for the sum of $500.00, dated the 1st of January, 1856, payable on demand to John W. George, and signed by A. W. Wrenn and John Barbour, (the interest on this bond has been paid up to the 1st January, 1860,) which two bonds are now in the possession of Weedon,

Johnson & Co., of Baltimore, I bind myself, my heirs, &c., upon the delivery of the five negotiable notes heretofore described, to deliver to the said Ashby & George, their heirs or assigns, the aforesaid note of $723.83, and upon the delivery of the before described two bonds of $500.00 each, on or before the 1st of September, 1867, to deliver to the said Ashby & George, their heirs or assigns, the other two notes, to wit: one for the sum of $723.82, due the 5th of July, 1867; and the other for the sum of $723.82, due the 5th of January, 1868.

Witness my hand and seal this 6th day of June, 1867.

WILLIAM A. DEAN.   [Seal.]

The appellant having claimed the right, under this agreement, to retain the appellee's bond until the debt of Ashby, assumed by the firm of Ashby & Co., was paid, this action was brought for its recovery.

The facts of the case are sufficiently set forth in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER and ALVEY, J.

*E. Otis Hinkley*, for the appellant.

*Charles Marshall*, for the appellee.

MILLER, J., delivered the opinion of the Court.

Before the jury was sworn two exceptions were taken to the action of the Court on the defendant's motion for a continuance. These are not subjects of appeal, but as the question of practice involved is supposed to be of some importance, we yield to the request of counsel on both sides for the expression of an opinion thereon by this Court.

The defendant made an affidavit of what he expected to

prove by Reid, an absent witness. The Court then, on suggestion of the plaintiff's counsel, caused the defendant to be examined on oath, and he was asked on what information or knowledge he believed the absent witness would prove the facts alleged in his affidavit, to which he replied he had held frequent conversations with Reid, and the latter had also made, at his request, an affidavit to be preserved in case of death, which his counsel then had in Court, and his own affidavit had been prepared from these conversations, and the affidavit of Reid. The Court then called for the production of Reid's affidavit, but the defendant's counsel objected to its production, whereupon the Court decided, upon this examination of the defendant, that he must produce the affidavit, otherwise his motion for a continuance would be refused. To this ruling the defendant excepted, and still insisting on his motion, based on his own original affidavit, nevertheless, on the above decision of the Court, produced Reid's affidavit, and then further insisted that after he had thus been examined as to the sources of his information, Reid's affidavit should be returned to him, but the Court decided he should append it to, or incorporate it with his own affidavit, and that the latter, as it stood, was insufficient, as the facts therein stated were not the facts which the affidavit of Reid showed he would prove, but when his affidavit was made to conform to the facts stated in that of Reid, it would be sufficient. To this ruling the defendant also excepted. He then amended his affidavit accordingly, and the parties proceeded to trial, the plaintiff submitting to the terms of admitting the truth of the contents of the amended affidavit as to the testimony that Reid would give. In all this, it is our opinion the Court not only acted strictly within its powers, but with perfect judicial propriety. The point of the objection taken by the defendant is, that as Reid's affidavit contained matter which made for the plaintiff as well as

Dean *vs.* Turner.

that which made for himself, he ought not, in this way, and on this motion, to be compelled to adduce evidence for the opposite party. But this is altogether untenable. Full authority is given the Court by the Code, Art. 75, sec. 37, to examine, on oath, a party making an affidavit for a continuance, both as to the materiality of the testimony and on what information or knowledge he believes the witness will prove what he alleges, and if, on such examination, the Court *is satisfied of the truth* of the affidavit, and that the testimony is material, then a continuance is to be granted, unless the adverse party will admit the truth of the facts, which it is so alleged the absent witness will prove. When, upon such examination, the defendant had stated his information was desired in part from a sworn statement of the absent witness, which was then in Court, and in possession of his counsel, its production was properly demanded, and his refusal to produce it would have fully justified the Court in saying it was not satisfied of the truth of his own affidavit, and in refusing a continuance. But when it was produced, and found to contain other facts qualifying or explaining those set out in the defendant's affidavit, the Court would have been derelict in duty, if it had then held the latter sufficient. The requirement of a full statement of all the material facts contained in the affidavit of the witness, or a refusal of the motion to continue, was then imperatively demanded by every principle of justice and fair dealing. This was not compelling the defendant to adduce evidence for his adversary, but was requiring of him to deal fairly with the Court, and justly to the opposite party. It would have been a perversion and mockery of justice for the Court, when it had discovered that any material part of the testimony of the absent witness had been suppressed or omitted in the affidavit for continuance, to have compelled the plaintiff to submit to a continuance, or admit the truth of that which the Court knew was not the whole

truth. And we have no hesitation in further saying, that whenever a party seeks a continuance, upon the ground of the absence of a material witness, it is his duty to state in his affidavit fully and frankly, if he knows them, all the material facts which the witness will prove, as well those which are unfavorable, as those which are in his favor, and if, in any case, the Court has reason to suspect this has not been done, it is its duty to exercise the power of examining the party on oath, so as to be satisfied of the entire truth of his affidavit.

The rulings of the Court upon the prayers are legitimately before us for review, but little need be said about them. The plaintiff's first and fifth prayers were granted by consent, and the propositions of law founded on the facts set forth in the others, are so plain and obviously correct as not to require comment.

The action is trover, to recover for the conversion by the defendant of a bond or single bill under seal belonging to the plaintiff. The testimony establishes, without contradiction, that the plaintiff lent the bond to George, who borrowed it at the defendant's suggestion, for the specific purpose of enabling George to raise money upon it, or get credit upon it in Baltimore, so that he might go into business and form a partnership with Ashby. The defendant knew the bond belonged to the plaintiff, and was fully acquainted with the extent of George's authority to use it. George, in pursuance of this authority, hypothecated the bond with the defendant as collateral security for an advance of $1,000 made by the defendant to him, by means of two acceptances of $500 each, and the defendant entered into a written contract, dated the 20th of July, 1866, to return the bond when the $1,000 should be paid. This was fully paid by the 14th of March, 1867, and the return of the bond demanded, but the defendant refused and sought to hold it as security for an antecedent debt due to him by Ashby prior to the forma-

tion of the partnership between him and George, but afterwards assumed by the partners by giving their notes therefor. We have examined the testimony with care, and there is absolutely no evidence from which a rational mind could deduce the inference that George had any authority to pledge the bond in fulfilment of the alleged parol agreement of the 18th of April, or the written contract of the 6th of June, 1867, made by Ashby and George with the defendant. The authority which he did have did not warrant the making of any such contract. The Court was therefore clearly right in rejecting the defendant's prayers and in its own instruction on the subject. The judgment must be affirmed.

*Judgment affirmed.*

(Decided 16th June, 1869.)