# T. DURANT HARRIS, JR.

## vs.

## STATE OF MARYLAND.

*Criminal Law—Continuance—Absence of Witness—Review on Appeal—Record.*

One cannot demand a continuance by reason of the absence of a witness, unless he shows that he has a reasonable expectation of securing the evidence of the witness within some reasonable time, that he believes that the case cannot be fairly tried without such evidence, that the testimony of the witness is competent and material, and that he has made a proper effort to secure the evidence.                                   p. 530

An application for a continuance is addressed to the sound discretion of the trial court, and unless that discretion is exercised arbitrarily, its action is not subject to review.       p. 530

No statute or rule of court authorizes appeals from several judgments in several separate cases to be included in one record.                                               p. 530

*Decided June 23rd, 1922.*

Appeals from the Criminal Court of Baltimore City (STANTON, J.).

Criminal proceedings against T. Durant Harris, Jr. From judgments of conviction, said traverser appeals. Dismissed.

The causes were argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*Dorsey J. Dunlap,* submitting on brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *Robert F. Leach, Jr., State's Attorney for Baltimore City,* on the brief, for the State.

THOMAS, J., delivered the opinion of the Court.

This record, No. 62 of the April Term, contains the records of seven appeals from judgments of the Criminal Court of Baltimore City in seven different cases, in which the appellant, T. Durant Harris, Jr., was found guilty of larceny in four, of embezzlement in one, and of obtaining money by false pretense in the remaining two, and in each case was sentenced to confinement in the Maryland Penitentiary for the period of two years.

There is but one and the same bill of exceptions in each case, and they are as follows:

"The traverser, T. Durant Harris, Jr., against whom an indictment was found on June 13th, 1921, by the grand jury of the State of Maryland, in and for Baltimore City, appeared with his counsel before the Criminal Court of Baltimore City, Part III, upon the call of the case of the State of Maryland vs. T. Durant Harris, Jr., on December 15th, 1921, and through his counsel, Richard E. Preece, asked for postponement of the case on account of the absence of the alleged most important witness the traverser had, due to the alleged illness of said witness.

"And through his counsel produced to the court a certificate of a physician, Dr. Charles S. Parker, to the effect that the said Dr. Charles S. Parker had examined the said alleged material witness at 8 A. M. on December 15th, 1921, the same day that the case was called for trial, to the effect that the said witness was sick, and asked for a postponement on that account; and through his counsel refused to plead; and the court required the clerk to enter a plea of not guilty, and proceeded with the trial of the case over the objection of the traverser.

"(Mr. Preece): The traverser refuses to plead.

"(The Court): Mr. Clerk, enter a plea of not guilty. Do you want to try this case before the court or do you wish it tried by a jury?

"(Mr. Harris): Before the judge.

"(Mr. Preece): May I put a statement in the record, your Honor?

"(The Court): Yes.

"(Mr. Preece): Take this down, Mr. Stenographer: Trial is had this day before his Honor Judge Stanton over the protest of counsel for the traverser Harris, as the most important witness the traverser has he is unable to produce in court today, and the traverser further produces the certificate of a reputable physician, Dr. Charles S. Parker, to the effect that the said witness is sick and traverser refuses to plead and trial is set over the protest of counsel.

"(The Court): Make note that this case is an old bail case, has been posted in accordance with the regular practice of the clerk's office for five days or a week, and that there is no appearance of counsel 'in the case, nor never has been, and when I call the case up for trial, the certificate of a physician is presented by Mr. Preece, whose appearance is not even entered in the case.

"(Mr. Preece): I enter my appearance now.

"(The Court): And in response to a question by the court, Mr. Preece said he had never known of Dr. Charles S. Parker until yesterday. In the face of this statement court fails to see how he can make any statement respecting the standing of the physician. File this certificate, Mr. Clerk:

"The following is the certificate filed:

" 'To the Hon. Judge of the Criminal Court:

" 'The bearer, J. St. Lawrence Harris, was examined by me this 8 A. M., December 15th, and presents unmistakable signs of lobular infiltration at the base of the right lung, and should therefore be ordered confined to the house under medical care.

" 'Respectfully yours,

" 'Chas. S. Parker, M. D.'

"(Mr. Preece): As to the doctor, I would like to say in my own behalf that I did not ask for the certificate, didn't get it, and I have never seen Dr.

Parker in connection with it, and it was produced in my office by the traverser himself.

"(The Court): Then I do not see how you can make a statement as to the standing of the physician or as to whether this certifictae is a genuine certificate or not.

"(Mr. Preece): He is well known and bears a good reputation where he practices in Walbrook.

"The traverser did not file an affidavit as to what the alleged material witness would testify to if present, nor did he offer so to do, nor did he apprise the court as to what the alleged material witness would testify to if present, nor did he offer so to do.

"Whereupon, the traverser by his counsel objected to the traverser being placed upon his trial at this time, which objection the court overruled, and compelled said traverser to be placed upon his trial, to which the traverser excepted, and prays the court to sign this, his bill of exceptions, which is accordingly done this 14th day of March, A. D. 1922.

                              "Robert F. Stanton."

We have set out the bill of exception in full in order to show the exact question presented by these appeals and the circumstances under which it arose.

The case was submitted by the appellant on brief, and the only contention of the appellant in support of his appeals is, as stated in his brief, that "the law is intended to give an opportunity to parties on trial to present their case in a fair manner to the court and jury, but it was palpably unjust and unfair to require the traverser to go on trial when the principal witness, and the witness on whom the traverser depended to prove his innocence, was unable to be present and testify."

While it is undoubtedly true, as claimed by the appellant, that the law contemplates that parties shall have an opportunity to present their case "in a fair manner to the court and jury," it by no means follows that it "was unjust and

unfair to require" the defendant to go to trial, in the several cases mentioned, without the witness referred to. There was nothing before the court below to show that the defendant had a reasonable expectation of securing the evidence of the witness within some reasonable time, that he believed that the case could not be fairly tried without such evidence, or that the testimony of the witness was competent and material, and unless he was able and willing to satisfy the court as to these matters, and that he made proper effort to secure the evidence, there could be no possible ground upon which he could reasonably complain of the refusal of the court to continue the case. Code, art. 75, secs. 59, 60 and 61.

The proper practice in such cases, and the reasons that support it, are clearly stated by JUDGE MILLER in *Dean v. Turner,* 31 Md. 52, and if the action of the court below could be reviewed by this Court, we would have no hesitancy in saying, as was said in that case, that, in our opinion, "the court not only acted strictly within its powers, but with perfect judicial propriety."

But the established rule in this State, supported by an unbroken line of decisions, is that an application for a continuance of a case is addressed to the sound discretion of the trial court, and unless that discretion is exercised arbitrarily, the action of the court on such an application is not subject to review or appeal. 2 *Poe, Pl. & Pr.* sec. 178; *Cumberland Coal & Iron Co.* v. *McKaig,* 27 Md. 258; *Dean* v. *Turner, supra; Miller* v. *Miller,* 41 Md. 623; *Universal Life Ins. Co.* v. *Bachus,* 51 Md. 32; *Hopkins* v. *State, use of Gonso,* 53 Md. 517; *Mead* v. *Tydings,* 133 Md. 608.

The appeal in each of the seven cases in the record in this Court must, therefore, be dismissed.

Before closing this opinion we desire to call attention to the record in this case. There is no statute in this State, or rule of this Court, authorizing appeals from several judgments in several separate cases to be included in one record. Rule 19 of this Court provides that in cases of cross-appeals, or

more than one appeal in the *same case* from any judgment, &c., there shall be but one transcript of the record transmitted to this Court. But where the appeals are in different cases and from different judgments there should be a separate transcript of the record in each case, and the cases should be entered upon the docket of this Court accordingly. It is said in 4 *C. J.* 418, that it has been held in some cases "that distinct judgments separately appealed must have their separate transcripts," and there is greater reason why this should be so where there are separate appeals from "distinct judgments" in different cases.

*Appeals dismissed, with costs.*