HARRY T. PHOEBUS *v.* WARREN F. STERLING,
RECEIVER

[No. 20, April Term, 1938.]

*Decided April 22nd, 1938.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*John B. Robins* and *James A. McAllister,* for the appellant.

*Harry C. Dashiell,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

John H. Ghingher, receiver for the Deals Island Bank, on September 20th, 1935, brought an action by titling against Harry T. Phoebus in the Circuit Court for Somerset County, and on November 4th, 1935, the plaintiff filed in that case a declaration, in which he alleged that the defendant was a stockholder in the bank, that the bank was insolvent, that its liabilities exceeded its assets by more than the par value of its stock, that the defendant held fifty shares of the capital stock of the bank,

and was therefore indebted to the receiver for the par value of the stock, $500, that he had paid on account thereof $250, but had refused to pay the balance. The defendant, on January 21st, 1936, filed general issue pleas. On October 1st, 1936, Warren F. Sterling was substituted for Ghingher as receiver; on the same day Phoebus filed in the case a suggestion and affidavit for removal, and the case was sent to the Circuit Court for Dorchester County for trial. On November 19th, 1936, the parties agreed that the case be continued, but that it should be tried before the court without a jury at the January term, 1937, of that court. It was not tried then, but was reached for trial on October 26th, 1937, and at that time defendant's counsel moved for a continuance on the ground that Phoebus had telegraphed his attorney that he was prevented by his duties as Commissioner of Labor and Statistics of Maryland from being present at the trial on that day, and to ask the court to carry the case over to "next Monday." The motion, which was not supported by affidavit or other evidence, was overruled, the case was tried, there was a verdict for the plaintiff, and on October 29th, 1937, the defendant filed a motion for a new trial and a motion in arrest of judgment. On November 12th both motions were overruled and judgment entered for the plaintiff. This appeal is from that judgment.

The record contains no exception, no prayers were offered by either side, no objection was made to the admission of evidence, there was no demurrer to the declaration, nor does it appear that the court made any ruling of any kind in the case, except to overrule the motion for a new trial, the motion in arrest, and the motion for a continuance. The ruling on the motion for a new trial is not reviewable in this court (*Hartlove v. E. & H. Bottling Co.*, 160 Md. 507, 508, 153 A. 850; *Pugaczewska v. Maszko*, 163 Md. 355, 360, 163 A. 205; *Mt. Royal Cab Company v. Dolan*, 166 Md. 581, 585, 586, 171 A. 854; *Von Schlegell v. Ford*, 167 Md. 584, 593, 594, 175 A. 589), nor, in the absence of abuse, the ruling

on the motion for a continuance. *Dean v. Turner,* 31 Md. 52, at page 55; 2 *Poe's Pl. & Pr.* sec. 312.

The only ruling which can be considered in this court is that overruling the motion in arrest. The purpose of such a motion is to defeat or delay the action by directing the attention of the court to some error, defect, or omission apparent on the face of the record which would have the effect of rendering any judgment that might be entered defective. 1 *Poe Pl. & Pr.* secs. 750, 761; 2 *Id.* sec. 353; *Myers v. State,* 137 Md. 482, 487, 113 A. 87; *Montgomery Bus Lines v. Diehl,* 158 Md. 233, 242, 148 A. 453. But the motion in this case suggests no defect apparent upon the face of the record, but is based solely upon the supposed facts that the defendant, on the day on which the case was assigned for trial, telegraphed his counsel that he was prevented by his duties as Commissioner of Labor and Statistics of Maryland from attending the trial at that time, that thereupon defendant's counsel moved the court to continue the case, but that the court overruled the motion and proceeded with the trial. The suggestion is that that ruling constitutes such a defect in the proceedings as can be reached by a motion in arrest. No authority in support of that contention has been submitted, for the very good reason that none can be found. The obvious purpose of the motion was to serve as a belated exception to the court's refusal to continue the case, and calling it a motion in arrest of judgment does not make it one, any more than it made the motion for a new trial in *Myers v. State, supra,* a motion in arrest. Had the defendant intended to ask this court to review the ruling, he should have excepted to it at the time it was made, and have made it the subject of a bill of exceptions. But in the absence of a clear showing of abuse of the discretion reposed in the trial court, such a ruling, even if properly presented, is not reviewable by this court. *Dean v. Turner, supra;* 2 *Poe, Pl. & Pr.* sec. 312.

But there is no evidence of any abuse of discretion by the trial court. Defendant's office gave him no immunity

from the ordinary incidents of litigation, the case was not tried until more than two years after it was docketed, he must have had notice of the trial, for his attorney was present when it was called, there was no suggestion that he had a meritorious defence, nor was there any attempt to prove the facts upon which his motion for a continuance was based, by affidavit or otherwise.

Finding no error in the ruling on the motion in arrest of judgment, the judgment must be affirmed.

*Judgment affirmed, with costs.*