as to the order entered. In every case where a respondent has complied with a Board order prior to court enforcement or has ceased business entirely, the Board has no act of respondent affecting interstate commerce at the time of seeking enforcement on which it can base jurisdiction, yet the order is enforcible to prevent such wrongful act in the future. N.L.R.B. v. Cleveland-Cliffs Iron Co., 6 Cir., 133 F.2d 295, 300; Williams Motor Co. v. N.L.R.B., 8 Cir., 128 F.2d 960, 963, 964.

Since the future acts by respondents interdicted by the Board's order are only such acts as affect interstate commerce, it is only against such acts that the Board may seek a contempt proceeding in this court. It would then be a complete defense to show that the acts did not affect interstate commerce.

The motion is denied.

James Parker, II, pro se.

Kenneth C. Proctor, Asst. Atty. Gen., of Maryland (Hall Hammond, Atty. Gen., of Maryland, on the brief), for appellee.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

### PARKER v. WARDEN, MARYLAND PENITENTIARY.

### No. 6419.

United States Court of Appeals Fourth Circuit.

Argued June 16, 1952.

Decided July 18, 1952.

PER CURIAM.

This is an appeal from an order denying a petition for a writ of habeas corpus. Appellant with two co-defendants pleaded guilty to the crime of robbery and was sentenced to a term of imprisonment by a Maryland state court. He complains because he was not granted the same reduction of sentence that was later accorded his co-defendants and asks that he be released from imprisonment under his sentence on that ground. The Maryland Court has denied a petition based on the same ground. Parker v. Warden Maryland Penitentiary Md., 84 A.2d 68. It is perfectly clear that the petition for habeas corpus was properly denied, as the failure or refusal of the state court to reduce appellant's sentence when reducing the sentence of his co-defendants could not possibly render his sentence void so as to authorize his release under habeas corpus by a federal court. The appeal is entirely without merit and the

order appealed from would accordingly be affirmed if the case were properly before us. In as much, however, as appellant has failed to obtain from the judge who signed the order appealed from a certificate of probable cause, as required by 28 U.S.C.A. § 2253, we are without jurisdiction to entertain the appeal and it must be dismissed. Berman v. Swenson, Warden, 4 Cir., 177 F.2d 717; Bernard v. Brady, Warden, 4 Cir., 164 F.2d 881.

Appeal dismissed.

### LEVY v. SISSON et al.
#### No. 13058.

United States Court of Appeals
Ninth Circuit.

July 3, 1952.

A. F. Levy, Los Angeles, Cal., in pro. per.

John E. Sisson, Los Angeles, Cal., in pro. per.

Doris Fischer, Los Angeles, Cal., in pro. per.

Before STEPHENS, ORR and POPE, Circuit Judges.

### PER CURIAM.

Levy appeals from a judgment of the United States District Court dismissing his action upon the ground that the complaint fails to state a cause of action under any article or section of the Constitution of the United States and that there is no diversity of parties. The complaint consists of a long recital as to California state proceedings in probate. The dismissal was proper and was placed upon proper grounds.

Affirmed.

### JERONIS v. STARR.
#### No. 11632.

United States Court of Appeals
Sixth Circuit.

June 10, 1952.

