**John Wilber DAVIS**

v.

**Vernon L. PEPERSACK, Warden, Maryland Penitentiary.**

Civ. No. 10043.

United States District Court
D. Maryland,
Civil Division.

Oct. 9, 1957.

John Wilber Davis, pro se.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland, for defendant.

THOMSEN, Chief Judge.

Petitioner, John Wilber Davis, pleaded guilty to an information filed against him in the Circuit Court for Frederick County pursuant to Art. 27, sec. 679 of the Maryland Code, and was sentenced to serve five years. He applied to Chief Judge Niles of the Supreme Bench of Baltimore City for a writ of habeas corpus, which was denied. His application for leave to appeal to the Court of Appeals from that denial was refused, Davis v. Warden, 208 Md. 675, 119 A.2d 365, on the ground that none of the points he relied on could properly be raised on habeas corpus, but should have been raised on appeal from the judgment of conviction. He then applied to me for a writ of habeas corpus, which I denied because he had not exhausted his state remedy by applying to the Supreme Court of the United States for a writ of certiorari. See 28 U.S.C.A. § 2254; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

 Davis thereupon applied to Judge Smith, of the Circuit Court for Baltimore County, for a writ, which was denied. His petition for leave to appeal from that denial was refused. Davis v. Warden, 211 Md. 606, 125 A.2d 841. He then applied to the Supreme Court for a writ of certiorari, and that court entered the following order on June 24, 1957, sub nom. Davis v. Pepersack, 354 U.S. 941, 77 S.Ct. 1403, 1 L.Ed.2d 1540: "Petition for writ of certiorari to the Court of Appeals of Maryland denied without prejudice to an application for a writ of habeas corpus in an appropriate United States District Court. (Citations omitted.)"

Thereafter, on Davis' application, I issued a writ of habeas corpus, and offered to appoint counsel to represent Davis at the hearing. He refused that offer, stating that he preferred to present his own case. This he did, at some length. I am satisfied from the evidence that he received a fair hearing in the Circuit Court for Frederick County, and that he was not denied any of his rights under the Fourteenth Amendment. Indeed, his testimony as to what happened in that court is so flatly contradicted by the record, the stenographic transcript, the reporter's notes, and the testimony of other witnesses, that I suggested to the Assistant Attorney General that he discuss with the United States Attorney a possible prosecution for perjury.

At the hearing before me, Davis raised for the first time the contention that he was sentenced under the wrong statute; that he should have been sentenced under sec. 407 rather than sec. 38 of Art. 27 of the Maryland Code. This raises a question of the proper construction of the statutes and of the information, a question of Maryland law which has not yet been considered by any Maryland court. I have refused to consider that question at this hearing, and have told Davis that he should present the question to a Maryland judge. I am therefore remanding him to the custody of the Warden, but without prejudice to his right to file a new petition in this court if the Maryland courts should refuse to consider that question on its merits, so that this court might then consider whether such refusal would amount to a denial of any right guaranteed to Davis by the Fourteenth Amendment.