## JACKSON *v.* STATE

[No. 119, September Term, 1957.]

456

*Decided October 29, 1957.*

*Dissenting opinion filed November 13, 1957.*

*Motion for rehearing, filed November 9, 1957, denied November 19, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON, HAMMOND and PRESCOTT, JJ.

Submitted on brief by William H. Jackson, *pro se.*

*James H. Norris, Jr., Special Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City, Preston A. Pairo, Jr.,* and *Joseph G. Koutz, Assistant State's Attorneys,* on the brief, for appellee.

PRESCOTT, J., delivered the opinion of the Court.

This appeal has been instituted by William H. Jackson, who was convicted of forgery by a jury in the Criminal Court of Baltimore, and sentenced by Judge Carter to three years in the House of Correction.

He filed a brief in this Court, *pro se,* and assigns as "questions presented", the following:

> "1. Was it error for the trial judge to deny appellant's request for a postponement of the trial so that appellant could obtain witnesses vital to his defense?
>
> 2. Was it error for the trial judge to refuse to allow appellant to conduct his defense without counsel?
>
> 3. Was it error for the trial judge to refuse to allow the attorney for the defense to withdraw?
>
> 4. The State's witnesses gave conflicting testimony.
>
> 5. The State's witness, Daniel Weinstein and the two police sergeants entered a conspiracy to deny appellant due process of law.
>
> 6. No proper identification was made of appellant by Mr. Weinstein.
>
> 7. Appellant's trial and subsequent conviction and sentence was brought about through illegalities from the outset.
>
> 8. The trial judge should have instructed the

jury as to methods (proper) used to identify persons accused of crime.

9. It was pointed out during the trial January 7, 1957, that the police officers and Mr. Weinstein, had appellant accused of forgery, without first having appellant identified as the man who forged the check.

10. It was pointed out during the (January 7, 1957) trial, that appellant on November 24, 1956, was put in a cell alone at the Northeastern Police Station and Mr. Weinstein (there are twelve cells six on each side) sent to that cell to point out appellant."

I

The appellant was indicted on December 7, 1956, and upon his arraignment on December 10th of that year, pleaded not guilty. On December 14, 1956, William H. Murphy, Esquire, of the Maryland Bar, entered his appearance for him. The appellant's case had been set for trial on December 17, 1956, and on December 15th, he received a letter from Elizabeth Helm, Judge Carter's secretary, stating that Judge Carter had requested her to inform him that his witnesses had been summoned. While it is not perfectly clear, a reading of the record indicates that these witnesses were Magistrate Schonfield and Sergeant Sudmeier, both of whom testified for the appellant. On December 17th, the case was continued, and thereafter was called for trial on January 7, 1957. At that time, appellant's counsel of record made a general objection to the court's refusal to continue the case, because "three witnesses whom he (appellant) regards as material to his defense are not present in court." The court recessed until the afternoon, so that an attempt could be made to obtain the defendant's witnesses. The record discloses that practically all, if not all, of them were produced, and they testified. During the course of the trial in the afternoon, the court asked appellant's lawyer, "Do you have any other witnesses?" To which he replied, "Yes sir, I have two other witnesses, *the witnesses who didn't appear this morning.*"

While it is crystal clear that the law contemplates that the parties to litigation shall have every proper opportunity to present their cases to the court and jury, ordinarily matters of continuance are within the sound discretion of the trial judges; and their rulings thereon should not be disturbed, unless there be a showing that there was an abuse of this discretion, which was prejudicial to the party requesting the continuance. To show such an abuse of discretion and prejudice for failure to continue a case because of the absence of witnesses, the party requesting the continuance should show: that he had a reasonable expectation of securing the evidence of the absent witness or witnesses within some reasonable time; that the evidence was competent and material, and he believed that the case could not be fairly tried without it; and that he had made diligent and proper efforts to secure the evidence. *Harris v. State,* 141 Md. 526, 530, 119 A. 154; *Laque v. State,* 207 Md. 242, 254, 255, 113 A. 2d 893. Cf. *Plank v. Summers,* 205 Md. 598, 109 A. 2d 914. It is apparent that the appellant makes no such showing on the record of this case. He had had counsel of record beginning on December 14th; he failed to disclose to the trial judge the name of any absent witness; and made no attempt to meet any of the requirements mentioned above, other than to state, by his counsel, that certain witnesses were absent and he regarded their evidence as material. Under these circumstances, we are unable to discover any abuse of discretion or prejudice to the appellant.

## II

The appellant's questions 2 and 3 relate to his attorney, so they will be considered together. He alleges that it was error for the court to refuse to permit him to conduct his defense without counsel. The record discloses that when the trial was about to commence, counsel for the accused requested the court to permit him to withdraw from the case, stating there was a difference of opinion between counsel and the appellant concerning the conduct of the trial. Due to the tardiness of the request, it was denied. However, the court instructed the attorney that where there was any disagree-

ment as to proper trial tactics between him and his client, the wishes of the client should prevail. Ordinarily a litigant has the right to change or substitute attorneys at any stage of the proceedings, if it will not unduly prejudice the other side of the litigation or interfere with the administration of justice. But here there was no request to change lawyers by the appellant. It was a request by the attorney to be permitted to withdraw from the case. The record fails to show any suggestion by the appellant that he no longer desired counsel, that he desired to conduct his defense alone, or that he was refused permission to conduct his defense. As a matter of fact, he examined and cross-examined several of the witnesses, and argued his case to the jury. He claims that he and his counsel disagreed concerning the proper method of presenting his defense, but, if this be true, it was not brought to the trial judge's attention. In this situation, we are unable to discover any prejudicial error that would warrant a reversal of the conviction and the awarding of a new trial.

### III

Questions 4, 5, 6, 8, 9 and 10 submitted by the appellant are aimed at the sufficiency of the evidence, *i. e.*, alleged lack of proper identification of the accused, and conflict in the State's testimony; therefore they, also, will be considered together. Neither the appellant nor his counsel requested an instruction for a directed verdict, consequently this Court cannot review the sufficiency of the evidence presented to the jury. Maryland Rules, 738 a; *Briley v. State,* 212 Md. 445, 447, 129 A. 2d 689; *Braxton v. State,* 214 Md. 370, 135 A. 2d 307; *Auchincloss v. State,* 200 Md. 310, 315, 89 A. 2d 605.

In question 8, the appellant alleges that the trial judge should have instructed "the jury as to methods (proper) used to identify persons accused of crime." No objection or exception was made to the court's instruction to the jury, so this, too, we are not at liberty to pass upon. Maryland Rules, 739 f, g.

The Attorney General suggests, that while the question is not raised by the appellant, this Court may deem it possible

to pass upon the question as to whether an indigent person is entitled to receive a transcript of the testimony to be paid for by the State, when he files a motion for a new trial before the Supreme Bench of Baltimore City; but this question is not raised in the appellant's contentions, so we think the matter is not before the Court on this appeal.

We may note, however, that a transcript of the testimony was furnished appellant, at the expense of the State, for the purpose of this appeal; that counsel of his own selection, also at the expense of the State, was offered and accepted by the appellant; and thereafter appellant informed this Court that he did not desire to be represented by counsel.

*Judgment affirmed, with costs.*

BRUNE, C. J., dissenting in part, filed the following dissenting opinion.

I think, although I concede that the matter is by no means free from doubt, that the appellant did say enough in his brief to bring before us the question as to whether or not he, as an indigent defendant, should have been furnished, without expense to himself, with a copy of the transcript of his trial for use in connection with his motion for a new trial. In the City of Baltimore, a motion for a new trial in a criminal case goes from the Criminal Court to the Supreme Bench, and is heard customarily, I believe, if not invariably, by members of the Supreme Bench other than the Judge before whom the case was tried in the Criminal Court. The Rules of the Supreme Bench require that either copies of the full transcript or an agreed statement of evidence relevant to the questions raised by the motion or a certificate of the trial judge with regard to such evidence must be filed.

The question of whether or not *Griffin v. Illinois,* 351 U. S. 12, was applicable to Jackson's motion for a new trial was fully considered by the Supreme Bench in the present case, and a majority of that Court held that it was not applicable. There was a vigorous (and to me, persuasive) dissent by Judge Oppenheimer, in which Judges Niles and Allen concurred. Although this Court ordinarily has no jurisdiction

over the granting or refusal of a new trial, the question of the applicability of *Griffin v. Illinois* is, I think, reviewable by this Court; and on this proposition I do not believe that my view differs from that of the majority opinion.

In his brief the appellant stated that he had been denied a copy of the transcript, without expense to himself, for use on his motion for a new trial, and in the next sentence he asserted that he had been denied his rights from the beginning of the trial. This seems to me enough to present the point, even though it is true that the *Griffin* case question was not one of the numerous specific grounds upon which he expressly sought a reversal of the judgment.

Whether or not *Griffin v. Illinois* is applicable to motions for new trials made by indigent defendants in criminal cases in the City of Baltimore, is a question of importance upon which an early decision by this Court would seem desirable.[1] I am confident that counsel would have raised the question clearly on this appeal. It is, I think, unfortunate that the appellant finally elected to reject the assistance of counsel of his own selection, which had been offered him, without expense to him. That, however, was a matter of the appellant's own choice.

---

1. In the counties of Maryland a motion for a new trial in a criminal case is heard by the judge or judges before whom the case was tried. (A like practice prevails in civil cases at law throughout the State.) The *Griffin* case problem may, therefore, be quite different in criminal cases in the counties from what it is in such cases in the City of Baltimore.