John Wilber DAVIS, Appellant,

v.

Vernon L. PEPERSACK, Warden, Maryland Penitentiary, Appellee.

No. 7607.

United States Court of Appeals Fourth Circuit.

Argued April 18, 1958.

Decided April 25, 1958.

Robert G. Cabell, Jr., Richmond, Va. (Court appointed counsel), for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

SOBELOFF, Chief Judge.

This appeal is from the dismissal of a writ of habeas corpus and denial of a subsequent petition for the writ of habeas corpus by the United States District Court for the District of Maryland. Davis v. Pepersack, D.C.Md.1957, 155 F. Supp. 550. District Judge Thomsen, certified, however, that there was probable cause that appellant, a prisoner in the Maryland Penitentiary, had been denied procedural due process by having been sentenced under the wrong Maryland criminal statute.

On January 24, 1955, John Wilber Davis pleaded guilty in the Circuit Court for Frederick County, Maryland, to an information charging that he " * * * unlawfully did break and enter the store of Hilda Barker with intent to steal, take and carry away, personal goods of another of the value of Twenty-Five Dollars ($25.00) or more therefrom. * * * " He was sentenced to a five-year term in the Maryland Penitentiary.

Twice the appellant filed petitions for habeas corpus in the Maryland courts, which were denied, and twice he applied, unsuccessfully, for leave to appeal to the Maryland Court of Appeals. Davis v. Warden, 1956, 208 Md. 675, 119 A.2d 365; Davis v. State, 1956, 211 Md. 606, 125 A.2d 841. In each instance, the Court of Appeals of Maryland held that the points raised were proper subjects for appeal and not for habeas corpus.

Davis then applied to the Supreme Court of the United States for a writ of certiorari, which in turn was also denied. 354 U.S. 941, 77 S.Ct. 1403, 1 L.Ed.2d 1540.

He then invoked the jurisdiction of the United States District Court for the District of Maryland. The District Judge issued a writ of habeas corpus, and at the hearing Davis contended, for the first time, that he had been sentenced under the wrong Maryland statute. This ground had not been advanced in any of the proceedings in the Maryland courts.

An apparent discrepancy exists in the Maryland criminal code. Section 38 of Article 27 of the 1951 Md.Code (now Art. 27, Sec. 32, of the 1957 Code), the statute under which Davis was sentenced, provides a maximum ten-year sentence for the crime of "breaking a storehouse, filling station, garage, trailer, cabin, diner, warehouse or other outhouse in the day or night * * * with the intent to steal, take or carry away the personal goods of another of the value of twenty-five dollars ($25.00) or more therefrom * * *." Another Maryland statute, enacted in 1952, limits the maximum sentence to eighteen months, "if any person shall break into any shop, storehouse, tobacco house, warehouse, or other building * * * with intent to steal any money, goods or chattels under the value of one hundred dollars * * *." Md. Code (1957 Cum.Supp. to 1951 Code), Art. 27, Sec. 407; Md.Code (1957), Art. 27, Sec. 342. Thus, if the intent is to steal more than twenty-five dollars and less than one hundred dollars, the terms of both statutes seem to apply.

The District Judge, being of the opinion that this raised a question of Maryland law which had not yet been considered by any Maryland court, refused to decide the question. He dismissed the writ but told the petitioner that "he should present the question to a Maryland judge." The Judge added that "if the Maryland courts should refuse to consider that question on its merits * * * this court might then consider whether such refusal would amount to a denial of any right guaranteed to Davis by the Fourteenth Amendment." [155 F.Supp. 551.]

Immediately, Davis filed a petition for writ of habeas corpus in the Circuit Court for Baltimore County, raising the specific point that he was sentenced under the wrong statute. The petition was denied, the court holding that petitioner was properly sentenced under an information in the language of the statute defining the crime punishable by the higher sentence. From this adverse decision, however, Davis made no application for leave to appeal to the Court of Appeals of Maryland (see Md.Code (1957), Art. 42, Sec. 6), thus failing to exhaust his remedies in the state courts.

Finally, a second petition for writ of habeas corpus was filed in the District Court, and from its denial, as well as the dismissal of the earlier writ by the District Court, this appeal was taken.

■■ While Davis contends that he has been denied procedural due process, it is settled that as to each new issue raised by a state prisoner, there must be an exhaustion of state remedies, including application for certiorari to the Supreme Court. Brown v. Allen, 1953, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469; Darr v. Burford, 1950, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761. Until Davis again petitions for habeas corpus in the state courts, which he may do, and has exhausted his state remedies, the asserted discrepancy between the two Maryland statutes should not be considered by a federal court.

■ The statutory overlap, the apparent product of legislative inadvertence, is one that the General Assembly of Maryland should correct. We recognize the force of the appellant's contention that if his conduct falls within the definition of two criminal statutes, providing different scales of punishment, the statutes should be construed to entitle him to the benefit of the more lenient penalty, but we think that the question should be presented to the Court of Appeals of Maryland. The function is theirs, primarily,

to interpret Maryland legislation. The question has never been squarely presented to them.

█ Other contentions were made by Davis in the District Court, including that of the admission of a confession allegedly obtained under duress. They were rejected as being "flatly contradicted by the record, the stenographic transcript, the reporter's notes, and the testimony of other witnesses * * *." The District Judge concluded that Davis received "a fair hearing" at his trial, and refused to issue a certificate of probable cause as to the other objections. Finding no substance in these additional contentions, we ourselves will not, as to them, issue a certificate of probable cause.

Affirmed in part and dismissed in part.