Benjamin F. PLATER, Appellant,

v.

WARDEN, MARYLAND HOUSE OF
CORRECTION, Appellee.

No. 7679.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1958.

Decided Dec. 5, 1958.

H. B. Mutter, Baltimore, Md. (Walter E. Black, Jr., Baltimore, Md., on the brief), Court appointed counsel, for appellant.

James H. Norris, Jr., Sp. Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

After denial of his petition for a writ of habeas corpus, this prisoner, confined in a state institution, undertook an appeal to this Court without a certificate of probable cause. In accordance with our usual practice, we have reviewed the record and have considered the written and oral arguments of his court-appointed counsel to determine whether or not a Judge of this Court should issue the necessary certificate, and have concluded that the appeal is without merit and that the appeal should be dismissed for want of the certificate. Presley v. Peppersack, 4 Cir., 227 F.2d 325; Parker v. Warden, Maryland Penitentiary, 4 Cir., 198 F.2d 72; Tyson v. Swenson, 4 Cir., 198 F.2d 308; Hanson v. Warden, Maryland Penitentiary, 4 Cir., 198 F.2d 470; Hobbs v. Swenson, 4 Cir., 199 F.2d 268; Harris v. Swenson, 4 Cir., 199 F.2d 269; Cumberland v. Warden, Maryland Penitentiary, 4 Cir., 227 F.2d 310.

The prisoner's principal contention is asserted insufficiency of his representation by court-appointed counsel in the trial court. This contention was fully considered and effectively answered by the Court of Appeals of Maryland, which said in the course of its opinion in Plater v. Warden, 211 Md. 629, 126 A.2d 574, 575:

"We find no error in Judge Gray's action. The record shows that at the time of his arraignment the petitioner indicated that he desired to employ Mr. Freedman, who had previously represented him, and that he had talked to Mr. Freedman, but had been unable to get his mother to pay him a fee. The court indicated that he would appoint counsel, if advised promptly of his inability to raise a fee. When subsequently informed that the petitioner had been unable to obtain funds, the court appointed Mr. Freedman. The docket entries show that the appearance of Mr. Freedman was duly entered for the petitioner, and that a jury trial was waived in the petitioner's presence. The record does not show that the petitioner objected to the appointment of Mr. Freedman as his counsel, or made any other objection to his representation during the trial.

"The petitioner now claims that Mr. Freedman was disqualified to represent him, because of the prior employment by his co-defendant of which he was well aware. But we find no showing in this case that the interests were antagonistic. Upon petitioner's own statement of facts, he admits that he and Lester went to the residence of one Johnson to buy liquor; that he had had a previous controversy with Johnson over a sum of money he claimed had been taken from him on the premises, which Johnson had refused to repay; that he fired at least one shot from a pistol that he said belonged to Lester, not with intent to rob, but 'to discourage an attack on his person'; and that he took a bag containing money, which he claimed that Johnson had dropped on the floor. The petitioner took the stand but Lester did not. The damaging testimony, aside from his own admissions, came from Johnson, the State's witness. The petitioner was found guilty and Lester was acquitted.

"We think there is no showing of prejudice here, such as was shown in the cases of Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, and Wright v. Johnston, D.C., 77 F.Supp. 687. Cf. United States v. Bernett, D.C., 103 F.Supp. 39. The appointment here was of the same attorney whom the petitioner had sought to employ, with full knowledge of his prior employment by the co-defendant. Nor was there any showing of timely objection on the part of the petitioner to the trial court, on this or any other ground. Cf. Ahern v. Warden, 203 Md. 672, 100 A.2d 645, and Cumberland v. Warden, 205 Md. 646, 109 A.2d 66."

■ It cannot be said that the writ was improperly denied in the District Court in the light of the consideration and disposition of the same question in the state court proceeding. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

■■ In his petition, the state court prisoner also undertook to raise for the first time a question regarding the sufficiency of the then applicable statutes of the State of Maryland affecting direct appeals by indigent defendants in criminal cases. The relation between the asserted statutory deficiency and the failure of this defendant to perfect a direct appeal is doubtful, and it is by no means clear that there was any substantial question which might have been raised upon a direct appeal which was not fully and adequately considered in the post conviction proceedings thereafter had in the state courts, including

the highest court of the State of Maryland. It is clear, however, that the prisoner has not yet raised this point in the state courts. Since he has not exhausted his state court remedies as to this question, we may not consider it. Davis v. Pepersack, 4 Cir., 255 F.2d 29; Humphries v. Peppersack, 4 Cir., 250 F.2d 575; Bell v. Commonwealth of Virginia, 4 Cir., 245 F.2d 170.

Appeal dismissed.