**William H. JACKSON, Appellant,**

v.

**William F. STEINER, Warden, Maryland House of Correction, Appellee.**

**No. 7736.**

United States Court of Appeals
Fourth Circuit.

Argued Nov. 4, 1958.

Decided Dec. 5, 1958.

Walter E. Black, Jr., Baltimore, Md. (H. B. Mutter, Baltimore, Md., on the brief), Court appointed counsel, for appellant.

James H. Norris, Jr., Special Asst. Atty. Gen. of Maryland (C. Ferdinand Sybert, Atty. Gen. of Maryland, on the brief), for appellee.

Before SOBELOFF, Chief Judge, and SOPER and HAYNSWORTH, Circuit Judges.

HAYNSWORTH, Circuit Judge.

The District Court denied a petition for a writ of habeas corpus by the state prisoner without a hearing, and this appeal is sought to be prosecuted without a certificate of probable cause. In accordance with our practice, we have examined the record and have heard written and oral arguments of court-appointed counsel in order to determine whether one of the members of this Court should issue a certificate of probable cause. Finding no merit in Jackson's contentions, the appeal will be dismissed for want of the necessary certificate. Presley v. Peppersack, 4 Cir., 227 F.2d 325; Parker v. Warden, Maryland Penitentiary, 4 Cir., 198 F.2d 72; Tyson v. Swenson, 4 Cir., 198 F.2d 308; Hanson v. Warden, Maryland Penitentiary, 4 Cir., 198 F.2d 470; Hobbs v. Swenson, 4 Cir., 199 F.2d 268; Harris v. Swenson, 4 Cir., 199 F.2d 269; Cumberland v. Warden, Maryland Penitentiary, 4 Cir., 227 F.2d 310.

The principal question sought to be raised is an interesting one concerning his right, as an indigent criminal defendant, without cost to himself, to be supplied with a copy of the transcript of the trial proceedings for the purpose of presenting his contentions on a motion for a new trial addressed to the Supreme Bench of Baltimore City. In Baltimore City, motions for new trial in criminal cases are addressed to the Supreme Bench as a whole, and, customarily, the trial judge does not sit. Under this practice, it may be that in many cases the reason for the rule of Griffin v. People of the State of Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891, may require the furnishing of a transcript at that stage of the proceedings, and it might be concluded that a failure to do so may not be cured by supplying a transcript for the purpose of a subsequent appeal. It is clear, however, that this question has not been considered on its merits by the Court of Appeals of Maryland.

When his motion for new trial was presented to the Supreme Bench of Baltimore City, the members of that court considered the contention that a transcript of the proceeding should have been furnished. The majority of the court were of the opinion that the rule of Griffin v. Illinois did not apply at the time the motion for new trial was being considered even though addressed to a court sitting en banc rather than to the trial judge. Three members of the Supreme Bench of Baltimore City dissented.

After denial of the motion for new trial by the Supreme Bench of Baltimore City, sentence was imposed by the trial judge and an appeal was taken to the Court of Appeals of Maryland. For the purpose of that appeal, a transcript of the proceedings in the trial court was furnished, but the denial of a transcript in connection with the presentation of his motion for new trial was not made a ground of appeal. The conviction was affirmed, Jackson v. State, 214 Md. 454, 135 A.2d 638, the majority of the court being of the opinion that the question of the possible application of the rule of Griffin v. Illinois was not before them. Chief Judge Brune dissented upon the ground that the question was of importance and should be reached since statements in the brief could be put together and construed so as to raise the question. Thereafter, a motion for rehearing was filed in the Court of Appeals of Maryland, at which time the court was requested to pass upon the merits of this question, but that motion was denied.

From the foregoing, it is apparent that the Court of Appeals of Maryland has not passed upon this contention because, with reason, it concluded that the direct appeal from the judgment of conviction did not present the question to it. There is no reason why the defendant could not have raised the question, and he may still do so in an appropriate exercise of post conviction remedies available in the state courts. Since this question has not been raised in the Court of Appeals of Maryland, the petitioner has not exhausted his state court remedies and we may not now consider the question. Davis v. Pepersack, 4 Cir., 255 F.2d 29; Humphries v. Pep-

persack, 4 Cir., 250 F.2d 575; Bell v. Commonwealth of Virginia, 4 Cir., 245 F.2d 170.

The contention is also made that the defendant's constitutional rights were denied because of the claimed absence of two witnesses. A short delay was granted in order that witnesses requested by the defendant might be produced and, in the afternoon of the trial day, the trial judge, after stating that two witnesses were on their way, inquired of counsel for the defendant, "Do you have any other witnesses." Counsel for the defendant responded, "Yes sir, I have two other witnesses, the witnesses who didn't appear this morning." Whereupon, he proceeded to offer a witness then present in the courtroom. Whether defendant's counsel was intending to say that there were two absent witnesses, in addition to those said to be on their way, who were necessary to the defense is not clear. In any event, this contention was fully presented in the state court proceedings and was considered by the Court of Appeals of Maryland in Jackson v. State, supra. The District Judge was not required to grant a hearing in order to re-examine the resolution of this issue of fact by the state court, for it was carefully considered and there is abundant support in the record for the conclusion of the Court of Appeals of Maryland that denial of a further continuance was not an abuse of the trial judge's discretion. Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469.

The contention that appellant's trial counsel was incompetent was also fully considered in the state court proceeding and the lack of substance in the contention is apparent from the opinion of the Court of Appeals of Maryland. Jackson v. State, supra.

Finding no merit in any of the defendant's contentions, as presently addressed to this Court, a certificate of probable cause will not be issued and the appeal will be dismissed.

Appeal dismissed.