## JOHNSON *v.* STATE

[No. 224, September Term, 1958.]

482

Decided *April 14, 1959.*

[redacted]

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*H. Emslie Parks,* with whom were *Parks & Parks* on the brief, for the appellant.

*Joseph S. Kaufman, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, J. Harold Grady, State's Attorney for Baltimore City,* and *James W. Murphy, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

The appellant was convicted in the Criminal Court of Baltimore as a second offender against the narcotics laws. Asserting that he was indigent, he duly moved for a new trial before the Supreme Bench of Baltimore City and requested a free transcript of the testimony at his trial. Rule 30 (C-1) of the Supreme Bench requires one convicted in the Criminal Courts of Baltimore to file the original and three copies of the transcript of the testimony as a condition

precedent to the hearing of his motion for a new trial. See Majority Opinion of Supreme Bench in *Jackson v. State,* Daily Record of March 12, 1957. The Supreme Bench refused to order the preparation of the transcript at public expense. As a result, appellant was denied a determination of his motion, and appealed to this Court, claiming that the refusal to furnish him the necessary transcript violated the equal protection and due process provisions of the Federal Constitution.

The authorities are not in entire accord as to the origin of the practice of granting new trials. Hilliard, *New Trials,* (2d Ed.), p. 2; 1 Okla. L. Rev. 252, 253; *State v. McCord,* 8 Kan. 232, 241, 242; Orfield, *Criminal Procedure From Arrest to Appeal,* pp. 495, 496. In Baltimore City, unlike the procedure in the counties, the Supreme Bench hears and determines motions for new trials. The hearing of such motions in this manner is authorized by Section 33 of Article 4 of the Maryland Constitution which states that the Supreme Bench shall have jurisdiction to hear such motions arising either "on questions of fact" or "for misdirection upon any matters of Law." This constitutionally granted power to hear motions for new trials is unusual, if not unique; such authority usually emanating from legislative enactment or inveterate custom and usage.

This Court pointed out in *Roth v. House of Refuge,* 31 Md. 329, that one of the purposes of the procedure contemplated by the constitution is to seek uniformity of decision and provide a form where there can be had the benefit of review in cases where an appeal will not lie. Often, where an appeal does lie the powers of review of the Supreme Bench in ruling upon the motion for a new trial are broader in scope than those of this Court. It may weigh the evidence in a criminal case even though the case was tried before a jury, and grant a new trial in its sound discretion. It also has the authority to weigh and consider newly discovered evidence. The opportunity to seek a setting aside of his conviction before the Supreme Bench is a valuable one which appellant was denied solely because of lack of funds.

The Supreme Court in *Griffin v. Illinois,* 351 U. S. 12,

held that when state procedure provides appellate review in criminal cases it must furnish free the transcript of the record, or its equivalent, to those who cannot themselves afford to pay for them if it be a necessary prerequisite of appeal. The holding was reaffirmed in *Eskridge v. Washington Prison Board,* 357 U. S. 214, wherein the Court said:

> "But here, as in the *Griffin* case, we do hold that, '[d]estitute defendants must be afforded as adequate appellate review as defendants who have money enough to buy transcripts.'"

Since the *Griffin* decision, Maryland has provided indigent criminal appellants free transcripts for their appeals to this Court.

We think the reasoning in the *Griffin* case requires that an indigent defendant, convicted in a criminal court of Baltimore City, be furnished a free transcript of the testimony if he requests it for use in seeking a new trial as long as the Supreme Bench will not hear such motions without a transcript. We were urged to decide the point in *Jackson v. State,* 214 Md. 454, 135 A. 2d 638, but held that it was not properly raised. Cf. *Jackson v. Steiner,* 261 F. 2d 447 (C. A., 4th Cir., 1958). The situation is well summed up by Judge Oppenheimer in his dissenting opinion, concurred in by Judges Niles and Allen, in the case of *State v. Jackson,* printed in The Daily Record, March 12, 1957, wherein it is stated:

> "Under the *Griffin* case, failure to provide a transcript for a destitute defendant in connection with a motion for a new trial seems to be as much a violation of the Federal Constitution as failure to provide such a transcript on appeal. If a defendant in a criminal case, because of financial inability, is deprived of his right to have this Bench consider a motion for a new trial, he is deprived of what Maryland has deemed to be an essential part of fair procedure for the protection of the rights of the individual."

The appellant further claims that the trial court erred in refusing to grant his motion for a directed verdict. We shall not pass upon the question at this time; because it is one of the subjects that the Supreme Bench will properly consider when hearing the motion for a new trial.

> *Case remanded without affirmance or reversal for further proceedings not inconsistent with this opinion: The costs of this appeal to be paid by the Mayor & City Council of Baltimore.*